(117 So. 240)

No. 29105.

**MASON v. COSTANZA.**

**In re COSTANZA.**

May 7, 1928.

Crain, Jackson & Johnston, of Shreveport, for relator.

Robert Roberts, Jr., and C. F. Currier, both of Shreveport, for respondent.

LAND, J. On or about January 12, 1927, plaintiff's right hand was caught in and injured by a rolling and moving machine, while he was at work in the bakery shop of defendant.

On February 1, 1927, plaintiff instituted suit against defendant and on March 3, 1927, judgment was rendered by consent in favor of plaintiff for compensation at the rate of $10.40 per week, for 150 weeks, the first payment being due on January 19, 1927, and subsequent payments weekly thereafter.

On March 12, 1927, defendant paid plaintiff eight installments, the last falling due March 9, 1927.

Defendant failed to pay the sixth installments maturing from March 16 to April 20, 1927, inclusive, solely for the reason that plaintiff had refused to call at defendant's place of business to collect them, although requested by defendant to do so.

On April 21, 1927, plaintiff filed a rule on defendant citing him to show cause why all of the installments not yet payable under said judgment should not be adjudged immediately due and exigible.

It appears from the agreed statement of facts that all payments of wages from defendant to plaintiff were made on defendant's premises at 2101 Marshall street, in the city of Shreveport, La., where plaintiff was injured, and where, for several months prior to the accident, he had been continuously employed by defendant at work in his bakery.

Plaintiff's rule to forfeit all future installments on the ground that six successive installments had not been paid, was made absolute in the district court of the parish of Caddo, and, on appeal by defendant, this judgment was affirmed in the Court of Appeal, Second Circuit.

In our opinion both judgments are erroneous.

■■ Section 33 of Act 20 of 1914, as amended by Act 38 of 1918, provides:

"That in the event the employer against whom there has been rendered a judgment of court awarding compensation in favor of an employee or his dependent should become insolvent *or fail to pay six successive installments as they become due, the installments not yet* *payable under said judgment shall immediately become due and exigible and the judgment shall become executory for the whole amount:* Provided, that if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue."

Act 20 of 1914, p. 53, § 8, subd. (7), declares that:

"*Payments of compensation* due under this act, *shall be paid* as near as may be, *at the same times and places as wages were payable to the injured employee before the accident;* but a longer interval may be substituted by agreement, with the approval of the court."

It is clear that the purpose of section 33 of Act 20 of 1914, in providing for the maturity of all installments not yet payable upon the failure of the employer to pay six successive installments, was to visit a penalty upon the employer who willfully refused to pay. Such provision must be considered therefore in the nature of a forfeiture.

We fail to find from the record that defendant willfully refused to pay plaintiff the last six installments. Defendant had a legal right, under the Compensation Act and the facts of the case, to make these payments to plaintiff, or his agent, at his place of business in the city of Shreveport, and he repeatedly requested plaintiff to appear there weekly for the purpose of collecting his compensation. This plaintiff refused to do, and the present proceeding was brought against the defendant, not only without previous demand for payment, but also in spite of the fact that counsel for defendant offered to pay the past-due installments, upon learning that the rule had been issued, and before service had been made upon defendant.

In addition to this, on the day the rule was heard in the district court a deposit was made by defendant to cover all past-due installments, and, on the day after judgment was rendered making the rule absolute, the deposit was withdrawn by plaintiff under the order of the court.

Forfeitures are not favored in law nor encouraged by the courts. Gunther v. Cotton Exch. Mut. Aid Ass'n, 40 La. Ann. 776, 5 So. 65, 2 L. R. A. 118, 8 Am. St. Rep. 554; Lawrence v. Penn. Mut. L. Ins. Co., 113 La. 87, 36 So. 898, 1 Ann. Cas. 965.

The fact that the attorneys for plaintiff had an interest in the judgment for compensation, and had requested defendant to make payments direct to them, is not controlling, as defendant declined to do so, and insisted upon his legal right to make payments at his own place of business.

It is therefore ordered that the judgments of the district court of the parish of Caddo and of the Court of Appeal, Second Circuit, be annulled and reversed.

It is now ordered that there be judgment in favor of defendant rejecting plaintiff's demand at his cost, and that plaintiff pay the costs of this proceeding.