No. 3614

**Second Circuit**

**KIRBY ET AL. v. CRYSTAL OIL REFINING CORP.**

(July 5, 1930. Opinion and Decree.)

Booth & Grafton, of Shreveport, attorneys for plaintiff in rule.

A. M. Pyburn, of Shreveport, and Spearing & Mabry, of New Orleans, attorneys for defendant in rule.

WEBB, J. On June 6, 1928, Oliver Kirby and Addie Kirby, father and sister, respectively, of J. C. Kirby, deceased, instituted suit against the Crystal Oil Refining Corporation to recover judgment for compensation for injuries resulting in the death of J. C. Kirby, which were sustained by J. C. Kirby while engaged in the service of the Crystal Oil Refining Corporation. On November 3, 1928, judgment was rendered in favor of Oliver Kirby awarding him compensation at the rate of $14.78 per week for a period of three hundred weeks, beginning May 15, 1928, and for $150 burial expenses, with interest and costs, and rejecting the demands of Addie Kirby, who applied for and obtained orders of appeal. (See Kirby et al. v. Crystal Oil Refg. Corp., 11 La. App. 562, 123 So. 432.)

On January 2, 1929, Oliver Kirby filed the present proceedings, in which he set forth the above facts, and, further, that he had not been paid any amount on the judgment, and that defendant had failed to pay the amounts due each week under the judgment, and had allowed more than six consecutive payments to become due and unpaid since the rendition of the judgment, and obtained a rule on the Crystal Oil Refining Corporation to show cause why all the payments to become due under

the judgment should not be declared due and exigible; and, on trial the rule being recalled and discharged, plaintiff appeals.

The proceeding was instituted under the provisions of section 33 of Act No. 20 of 1914, as amended by Act No. 38 of 1918, which provides:

"That in the event the employer against whom there has been rendered a judgment of Court awarding compensation in favor of any employee or his · dependent should become insolvent or fail to pay six successive installments as they become due, the installments not yet payable under said judgment shall immediately become due and exigible and the judgment shall become executory for the whole amount; provided, that if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue."

On trial of the rule it was shown that plaintiff Oliver Kirby had not demanded payment of either the amount due for compensation at the time the judgment was rendered, or at the time it became executory; or the amount awarded for funeral expenses, or which may have been due for costs of courts; or for the installments falling due after the date of the judgment; or after the judgment became executory; and it was also shown that defendant, Crystal Oil Refining Corporation, had not tendered or paid any amount on the judgment until the rule was filed, when counsel · representing defendant offered to pay counsel representing plaintiff the amount due on the judgment, including costs of suit and installments due at that time, which offer was refused, and the amount was deposited in the registry of the court; and the evidence shows that the amount of the weekly installments falling due pending the hearing on the rule was tendered, refused, and deposited in the registry of the court.

We do· not understand plaintiff to contend that the failure of defendant to tender or pay the compensation due at the time the judgment was rendered or became executory, or the amount which was awarded for funeral expenses incurred, or the cost of the suit, rendered the judgment executory for the installments to become due under the judgment; but that the sole contention is that, on the failure of defendant to pay or tender six consecutive installments falling due after the judgment became executory, all installments which were to become due became immediately due and payable and the judgment executory for all of said installments.

In Mason vs. Costanza, 166 La. 326, 117 So. 240, 241, the court said:

· "It is clear that the purpose of section 33 of Act 20 of 1914, in providing for the maturity of all installments not yet payable upon the failure of the employer to pay six successive installments, was to visit a penalty upon the employer who willfully refused to pay."

And there is not anything in the record to indicate that defendant had any intention of not paying, much less refused to pay, and we are of the opinion that in the absence of any evidence showing a demand for payment by plaintiff, he could not demand that the judgment should be made executory for the payments to fall due thereunder.

The judgment recalling and discharging the rule was correct, and is affirmed, at appellant's cost.