## HILL v. SOUTHERN ADVANCE BAG & PAPER CO., Inc. *

### No. 4425.

Court of Appeal of Louisiana. Second Circuit.

April 28, 1933.

J. F. Phillips, of Shreveport, and H. W. Ayres, of Jonesboro, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

DREW, Judge.

On June 19, 1931, plaintiff filed suit for compensation alleging total disability. On filing of the petition order issued to defendant ordering it to be served with copy of petition, affidavit, and order within four days from the filing thereof; and cited and ordered, in accordance with law, to answer same within ten days from service, and fixing and assigning the case for trial on September 15, 1931, at 9 o'clock a. m.

On the day of filing of petition service was made upon defendant, and on June 30, 1931, no answer having been filed, the following preliminary judgment was rendered:

"In this cause by reason of the fact that the petition, citation and order were regularly, legally and timely served upon the defendant and the defendant having failed within the delay allowed by law, the order and citation to appear herein either by answer or otherwise and the said delay having expired without defendant making any appearance whatsoever and by further reason that the plaintiff having made due proof of his demands, the law and the evidence being in favor thereof:

"It is ordered, adjudged and decreed there be judgment in favor of the plaintiff, E. C. Hill, against the defendant, Southern Advance Bag & Paper Company, Inc., for the weekly compensation and sum of seventeen and 54/100 ($17.54) dollars beginning June 19th, 1931, the date of the filing of this suit, payable until such time as a hearing hereon may be ordered and had in accordance with law on the merits of this cause the period of time not to exceed, however, four hundred weeks.

"It is further ordered, adjudged and decreed that the rights of the plaintiff to recover compensation for the period of time and weeks prior to the institution of this suit and all other rights be and are hereby specially reserved to him on the trial of this case on the merits if and when the same is had in accordance with law.

"It is further ordered, adjudged and decreed that the defendant pay all costs of this suit and proceeding to date, all other costs to await final decision on the merits, except such as may be incurred in collecting the amounts awarded under this judgment."

*Rehearing granted June 5, 1933.

On April 8, 1932, defendant appeared and filed an answer to the original petition, in which it admitted the accident alleged on and that plaintiff was in the employ of defendant at the time. The defense set up is that plaintiff had at that time fully recovered from any injury received in said accident. On April 14, 1932, plaintiff had issued on defendant a rule to show cause why the preliminary judgment above quoted should not be rendered executory and all installments due thereunder payable in a lump sum. The application was based on the ground that more than six consecutive payments of compensation had not been made. The rule issued is as follows:

"The above and foregoing petition and application considered, It is ordered that the said Southern Advance Bag & Paper Company, Inc., do show cause at the Court House at Jonesboro, Jackson Parish, Louisiana on the 27th day of April, 1932, at ten (10:00) o'clock A. M. why the judgment as rendered in the suit of E. C. Hill v. Southern Advance Bag & Paper Company, Inc., No. 3426 of the docket of the Third Judicial District Court for Jackson parish, Louisiana, under date of June 30th, 1932, if any it can or has, should not be decreed executory, collectable and enforceable in its entirety and for the whole of the balance remaining due thereon, to-wit: the sum of five thousand seven hundred thirty four and 42/100 ($5,734.42) dollars, without discount and with five (5) per cent per annum interest thereon from judicial demand until paid and for all costs of this proceeding and suit and why that the said Southern Advance Bag & Paper Company, Inc., should not be condemned to pay to plaintiff, E. C. Hill, the aforesaid sum of five thousand seven hundred thirty four and 42/100 ($5,734.42) dollars, in lump sum and without discount, and with five per cent per annum interest thereon from judicial demand until paid and for all costs of this suit and proceeding."

On June 28, 1932, defendant answered the rule, admitting that six consecutive weeks of compensation was due, but alleged that no final judgment had been rendered and that failure to pay the six weeks' compensation was due to error and was not willful.

The lower court after trial recalled the rule and dismissed plaintiff's application, then tried the case on its merits. There has been no decision on the merits by the lower court, and the only part of the case before us is the appeal of plaintiff from the judgment recalling the rule and rejecting plaintiff's application to make the preliminary judgment executory for the full amount.

By agreement plaintiff accepted compensation at the rate of $16.92 per week instead of $17.54, as called for in the judgment, until the final determination of the case, and it is admitted that the following amounts were received by him:

"It is admitted that on August 15th, 1931, the amount of $33.84 was paid covering compensation to August 15th, 1931; that on September 25th, 1931, the sum of $101.52 was paid covering compensation from August 17th to September 26th inclusive; that on August 6th, 1931, the sum of $67.68 was paid covering compensation from July 6th to August 1st, 1931; that on November 20th, 1931, the sum of $203.04 was paid covering compensation to November 18th, 1931; on December 16th, 1931 $101.52 was paid covering compensation from November 19th to December 30th, 1931; that February 25th, 1932 compensation was paid in the sum of $135.35 covering compensation from December 30th, 1931 to February 24th, 1932; that on April 16th, 1932, the sum of $118.44 was paid covering compensation from February 25th to April 13th, 1932; that on April 30th, 1932, $33.84 was paid covering compensation from April 14th to April 27th, 1932; that on May 10th, 1932, $33.84 was paid covering compensation from April 28th to May 11th, 1932; that on June 12th, 1932 $67.68, was paid covering compensation from May 12th to June 8th, 1932; that on June 21st, 1932 $33.84 was paid covering compensation from June 9th to June 22nd, 1932, all at the rate of $16.92 per week, the dates given being the forwarding dates of the checks; payments received after rule filed received with reservation of rights under rule.

"It is further admitted by the plaintiff that they agreed to receive compensation at the rate given by the Southern Advance Bag & Paper Company until final termination of this case."

It was agreed that all payments of compensation made after the rule issued were to be accepted without prejudice to the rights of plaintiff in the rule.

The defendant contends that there was no willful refusal to pay the compensation and that it was incumbent upon plaintiff to show the failure to pay for six consecutive weeks was willful. It further contends that section 33 of the Workmen's Compensation Act of Louisiana (as amended by Act No. 38 of 1918) has no reference or application to a preliminary or interlocutory decree rendered under section 18 of the act, as amended by Act No. 85 of 1926. A determination of these two contentions will determine the case.

Section 33 of the Workmen's Compensation Act of Louisiana, which plaintiff in rule is proceeding under, is as follows: "That in the event the employer against whom there has been rendered a judgment of Court awarding compensation in favor of any employee or his dependent should become insolvent or fail to pay six successive installments as they become due, the installments not yet payable under said judgment shall immediately become due and exigible and the judgment shall become executory for the whole amount; pro-

vided, that if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue." (As amended by Act No. 38, Session Acts of 1918).

The word "willful" is not used in section 33, but it makes the judgment executory upon the failure to pay six consecutive installments as they become due.

In the case of Mason v. Costanza, 166 La. 323, 117 So. 240, 241, the Supreme Court, in plain language, read into the act the word "willful" as follows: "It is clear that the purpose of section 33 of Act 20 of 1914, in providing for the maturity of all installments not yet payable upon the failure of the employer to pay six successive installments, was to visit a penalty upon the employer who willfully refused to pay. Such provision must be considered therefore in the nature of a forfeiture."

In rejecting plaintiff's demand, the court said: "We fail to find from the record that defendant willfully refused to pay plaintiff the last six installments."

This court, in the case of Kirby et al. v. Crystal Oil Refining Corporation, 14 La. App. 115, 129 So. 385, followed the decision in the case of Mason v. Costanza, supra.

In the case of Eisel v. Caddo Transfer & Warehouse Co., 11 La. App. 408, 123 So. 496, this court granted the relief prayed for, but found from the evidence that the defendant had concluded to cease payment altogether and had refused to pay. The word "willful" is not used in the opinion, but it is clear from the finding of fact by this court that the defendant had willfully refused to pay.

There was no testimony taken on the trial of the rule in this case. The application for rule in the form of a petition, the answer, and the admission copied above make up the entire record. Article 5 of the petition alleges demand as follows: "Petitioner now shows that although he has made repeated amicable demands for the compensation due him and for the compensation payments as awarded and decreed under said judgment and for a continuation of said payments as ordered week by week in said judgment, said payments heretofore made never having been made on time, said payments of compensation have been stopped and discontinued and further payments of compensation refused, the said defendant having failed, neglected and refused to pay same after repeated amicable demands, the last payment made by the defendant being under date of February 24th, 1932."

Article 6 of the petition again alleges demand as follows: "That as set forth hereinabove, the said Southern Advance Bag & Paper Company, Inc. has failed, neglected and refused, although demanded, to make more than six (6) consecutive weekly compensation installment payments as awarded under said judgment, on account of which default in payments, after demands made therefor, all the remaining installments of compenstion as awarded under said judgment and as a result of said failure, negligence and refusal to make said payments are now due, exigible and demandable and the said judgment for the balance remaining due thereon has become executory and enforceable for the whole thereof, the plaintiff showing he is not adequately protected by insurance and is not receiving payments as stated hereinabove and as required by law and as the said defendant was condemned under said judgment."

Defendant answered said articles as follows:

"Defendant admits that demand was made for compensation due after February 24, 1932, but through delay in error, over which defendant had no control, delay was made in paying compensation from that date. * * *

"That it admits that six weeks compensation was due at the time plaintiff took this rule, which was due to error and neglect and not refusal but avers that no final judgment had been rendered in the premises, and until such final judgment was rendered, fixing the correct and exact amount of compensation due, the whole amount of said compensation that might hereinafter become due was not due and exigible."

The above pleadings clearly admit that demand was made; that more than six consecutive weeks' compensation was past due and alleged two reasons why it was not paid—(1) through delay in error over which defendant had no control, and (2) for the reason it did not think the entire amount would become due and exigible under a preliminary judgment. There was no evidence offered to show by what error the delay was caused; no explanation given for the failure to pay when demand was made. The demand being admitted, it was incumbent upon defendant to show why the payment was not made. Failure to do so will justify us in finding it willfully refused to pay.

The other allegations of the answer convince us that the reason the payments were not made was because defendant did not believe the unpaid balance of the judgment would become executory, and it had become convinced that plaintiff had fully recovered and was not entitled to further compensation, as is shown by the answer filed on April 4, 1932, to the original petition. If the preliminary judgment was exigible, it was an error of law on defendant's part and an error it cannot be excused for.

Defendant does not complain of the demand as made. It admits a legal demand. We are therefore not bothered with the question of whether it was a legal demand or not, as required by the compensation act. Mason v. Costanza, supra.

When it ceased making the payments, defendant did not fix the case for trial on its merits as it had a right to do and thereby stop the payments. Paragraph 3 of section 18 of the compensation act, as amended. It simply stopped paying compensation after demand was made. It is liable to the forfeiture if the judgment as rendered is within the intendment of section 33 of the compensation act of Louisiana, as amended.

There is no decision of any court of this state that we have been able to find on this point. By authority of section 18 of the Workmen's Compensation Act of Louisiana, as amended, the defendant, having failed to file an answer within ten days from service, the court rendered a judgment for plaintiff against defendant in the sum of $17.54 per week for a period not to exceed 400 weeks, or until the case was tried on its merits. In so far as the plaintiff was concerned he did not need any other judgment, and the act does not provide any manner for him to ever have the case tried on the merits. It does, however, give the defendant the right to file an answer at any time and have the case fixed for trial in the same manner in which the plaintiff could have originally had the case fixed for trial. It further provides that the compensation granted under the original judgment shall be paid until such time as the case is, at defendant's request, fixed for trial. It therefore follows that the judgment rendered in favor of plaintiff was executory until such time as defendant saw fit to take advantage of the provisions of the act and have the case set down for trial.

If it was not an executory judgment, it would be a vain thing for plaintiff to secure a judgment under section 18 of the act, as amended, for the defendant could refuse to pay the judgment at its will with no recourse left to plaintiff. Under the judgment rendered under section 18 of the act, the plaintiff would recover compensation for a period of 400 weeks unless the defendant filed answer and had the case fixed for trial. There was no other action for plaintiff to take. The defendant had a right to stop the effect of the judgment by doing those things provided by section 33 of the act, as amended, which it did not choose to do.

The only difference in the judgment rendered in this case and one rendered on the merits is that in this case the defendant had the right at any time to contest the right of plaintiff to further compensation by following the method provided for in section 33, and in a judgment on the merits he could not contest the right of plaintiff to receive further compensation until six months after the rendition of the judgment on the merits. Section 20 of compensation act, as amended by Act No. 85 of 1926. In one case it is up to the defendant to take the necessary action to change or annul the judgment, and in the other case either party can take action to modify the judgment.

All judgments rendered in compensation cases for total disability are subject to change in the future and are therefore temporary judgments. The difference in a judgment on the merits after trial had and the judgment in this case is only the manner and method of securing the judgment. Both are executory and are within the intendment of section 33 of the compensation act, as amended. This section speaks of judgments and does not limit the forfeiture to judgments rendered on the merits. Rightfully so, for there is no way provided by the act for the plaintiff to ever secure any other judgment than the one he has secured, unless the defendant take some action in compliance with the provisions of section 33 of the act.

We are therefore of the opinion that the judgment on the rule by the lower court is incorrect and must be reversed; and there is now judgment for plaintiff in rule against the defendant decreeing the judgment appealed from to be reversed; and that payments due under the judgment rendered herein by the lower court on June 30, 1931, after the date of the last payment, which was up to June 22, 1932, are due and exigible, and that this judgment become executory for the whole amount with interest on the payments as the law allows, subject, however, to any other payments that have been made since June 22, 1932, and for all costs.

By agreement of plaintiff and defendant, after the rendition of the judgment the compensation was fixed at $16.92 per week instead of $17.54, and therefore the amount due under this judgment shall be computed on the basis of $16.92 per week.

In fairness to the attorneys who handled the case in this court, we wish to state that the pleadings and issues as shown by the record were made prior to their entry into the case and all pleadings were signed by one designating himself as a "Special Agent" or "Authorized Agent for Defendant," and not as an attorney. We state this for the reason there were defenses which might have been urged which were not urged, and which the pleadings of defendant, through admissions, barred the defendant from urging.

TALIAFERRO, J., dissents.