162 So. 814

**CRAWFORD v. T. SMITH & SON, Inc.**

No. 33386.

July 1, 1935.

Rehearing Denied July 18, 1935.

John A. Woodville, of New Orleans, for relator.

Terriberry, Young, Rault & Carroll and Andrew R. Martinez, all of New Orleans, for respondent.

ODOM, Justice.

The facts involved are that on November 27, 1933, a colored man named Peter Crawford, relator here, obtained final judgment against his employer for compensation at $20 per week for four hundred weeks under Act No. 20 of 1914, as amended. The compensation was for disability caused by an inguinal hernia. The compensation was regularly paid until January 27, 1934, when the employer petitioned the district court for a modification of the judgment as to the duration of the payments; such proceeding being authorized by section 20 of the original Compensation Act, as amended.

The employer alleged that Crawford's disability could be cured in eight weeks by a surgical operation, the expense of which it proposed to pay. It was further alleged that Crawford arbitrarily and unreasonably refused to submit to the operation, and he was ruled to show cause why he should not either submit to the operation or forego compensation at the expiration of eight weeks.

On trial, Crawford still refusing to submit to the operation, the rule was made absolute on March 23, 1934, and he was ordered to submit to the operation, and in the event of his refusal, his employer was ordered relieved of the obligation of making further weekly payments after eight

weeks from March 31, 1934. From that judgment Crawford appealed to the Court of Appeal (Crawford v. Tampa Interocean S. S. Co., 159 So. 353, 354), the judgment in so far as the appeal granted is concerned reading as follows:

"It is ordered by the Court that Peter Crawford, plaintiff herein, be granted a devolutive and suspensive appeal and the judgment rendered in this cause on Friday March 23rd, 1934 and signed on Friday March 23rd, 1934, be returnable to the Court of Appeal on the 26th day of April, 1934 and that he be dispensed from prepayment of costs or furnishing security therefor as this suit is prosecuted under Act Nó. 156 of 1912 (Pauper Act)."

On June 11, 1934, the Court of Appeal reversed the judgment of the district court, holding that Crawford's refusal to submit to the operation was not unreasonable, and dismissed the proceeding. 155 So. 409. Application for writs was refused by this court on August 3, 1934.

In the meantime all compensation due Crawford up to May 26, 1934, was paid him by his employer as it accrued.

As already stated, the Court of Appeal reversed the judgment of the lower court on June 11, and the record shows that a rehearing was refused by that court on June 28. Application for writs was made to this court by the employer within the time prescribed by section 11, art. 7, of the Constitution, which application was refused on August 3.

Immediately following the refusal of this court on August 3 to grant the writs applied for by the employer, it tendered to Crawford all compensation installments accruing between May 26 and August 3, and at the same time declared to him its willingness to continue the payments as ordered by the judgment of the Court of Appeal. The tender was refused by Crawford on the ground that more than ten weekly installments were then due and that under section 33 of the Compensation Act, as finally amended (as amended by Act No. 38 of 1918), the employer was bound to pay the remaining installments in a lump sum. The employer refused to pay the balance in a lump, and the present proceeding was brought by Crawford to enforce the provisions of that section of the statute.

The district court ruled against him and he appealed to the Court of Appeal, which affirmed the judgment. He applied to this court for writs, which were granted, and the case is now before us for review.

The sole question presented is whether under the circumstances disclosed the installments not yet payable under the judgment became immediately due and exigible and whether the judgment has become executory for the whole amount, the employer having failed to pay more than six consecutive installments as they became due.

We do not think so. Section 33, Act No. 20 of 1914, as finally amended by Act No. 38 of 1918, reads as follows:

"That in the event the employer against whom there has been rendered a judgment of Court awarding compensation in favor of any employee or his dependent should become insolvent or fail to pay six successive installments as they become due, the installments not yet payable under said judgment shall immediately become due and exigible and the judgment shall become executory for the whole amount; provided, that if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue.",

The questions whether the employer has become insolvent and whether the employee is adequately protected by insurance are not involved.

In Mason v. Costanza, 166 La. 323, 117 So. 240, 241, we said:

"It is clear that the purpose of section 33 of Act 20 of 1914, in providing for the maturity of all installments not yet payable upon the failure of the employer to pay six successive installments, was to visit a penalty upon the employer who willfully refused to pay. Such provision must be considered therefore in the nature of a forfeiture."

In that case we said also that:

"Forfeitures are not favored in law nor encouraged by the courts."

In the case above cited the employer had failed to pay six or more successive installments as they became due and the employee sought to invoke the provisions of

section 33 of the statute. The trial judge held that the remaining installments immediately became due by virtue of the employer's failure to pay. The Court of Appeal, Second Circuit, affirmed the judgment; one of the judges dissenting. The case was brought to this court, and the judgment of both courts was reversed for the reason, as stated by us, "We fail to find from the record that defendant [the employer] willfully refused to pay plaintiff the last six installments."

The facts of that case were that while the employer had failed to pay the installments, its failure to do so was due to plaintiff's refusal to go to defendant's place of business for the purpose of collecting the compensation, and we held that under the circumstances there was no willful refusal to pay.

The same is true here. The defendant employer never at any time willfully refused to pay the installments. Section 20 of the Compensation Act, as finally amended by Act No. 85 of 1926, gives to either party the right at any time after six months from the date on which the judgment awarding compensation was rendered, to apply to the court for a modification of the judgment. The defendant, availing itself of this provision of the act, went into the district court and there obtained a judgment relieving it of the "necessity of making further weekly payments after eight weeks from the 31st day of March, 1934." The defendant complied literally with the court's order by

making payments down to and including May 26, 1934, when it ceased to pay because the court had ruled that after that date no further payments were due. The case was carried by plaintiff to the Court of· Appeal, where the judgment was reversed on June 11, and a rehearing was refused on July 28. But the judgment of the Court of Appeal reversing the judgment of the lower court did not become final on that date, because section 11, art. 7, of the Constitution, provides that the judgments of the Court of Appeal "shall not become executory until the expiration of thirty days," during which time application may be made to the Supreme Court for writs. If no application for writs had been made by the defendant, the judgment of - the Court of Appeal would have become executory on July 28. But an application to this court for writs was timely made by the defendant, which application kept the judgment of the Court of Appeal from becoming executory until August 3, the day on which this court refused the application. The same section of article 7 of the Constitution, after saying that "the judgment of the Court of Appeal shall not become executory until the expiration of thirty days," further says, "or, in cases in which application is made for the writ of review, or other writs, until the decision of the Supreme Court upon the application shall have become final."

The fact therefore is that from March 23, 1934, defendant had judgment in its favor relieving it of the obligation of mak-ing payments to plaintiff after May 26. That judgment was finally reversed, but the judgment of the Court of Appeal reversing the judgment of the district court did not become final until August 3, when this court refused the writs. During all that time the judgment of the district court was in full force and effect and the defendant employer had the right to, and did, rely upon it. But as soon as the judgment of reversal became final, defendant tendered to the plaintiff all past due installments, which tender was refused.

There is some contention that the judgment of the district court was suspended by the appeal taken by plaintiff. But, as explained by the Court of Appeal (159 So. 353), plaintiff, while granted a suspensive appeal from that judgment, did not perfect it.

Adhering to our interpretation of section 33 of the Compensation Act in Mason v. Costanza, supra, we hold that here there was no willful refusal on the part of defendant to pay, for which reason it cannot be penalized.

Counsel for relator cite the case of Eisel v. Caddo Transfer & Warehouse Co., decided by the Court of Appeal, Second Circuit, and reported in 11 La. App. 408, 123 So. 496, 497, where it was held that the provisions of section 33 of the Compensation Act are plain and must be adhered to. But that case has no application here because the facts were different. After stating all the facts and circumstances the court in conclusion said:

"The fact which is decisive of the point at issue and on which we rest our decision is that, after more than six successive payments were due under the judgment, demand was made for payment and the demand was refused; the reason given being that defendant had concluded to cease payments altogether."

The judgment of the district court and that of the Court of Appeal are affirmed.

FOURNET, J., dissents.