YARRUT, Judge.
Plaintiff appeals from a judgment of the District Court denying him full acceleration of all future compensation payments, as well as penalties and attorney’s fees, under a final decree of this court in the matter of Broussard v. Dumas Chevrolet Company and Royal Indemnity Company, La.App., 120 So.2d 863. The appellate decree in the cited case allowed compensation at $35 per week for a period not to exceed 400 weeks, with penalties, attorney’s fees, medical expenses and all costs of court.
On July 27, 1960 defendant-insurer paid to plaintiff the full amount due under the decree above cited, and thereafter continued weekly payments of $35, making said payments payable jointly to plaintiff and his counsel of record. These payments continued until October 18, 1960. Thereafter, no payments were made until January 9, 1961. As a result of this failure to make the payments during the intervening period, plaintiff instituted this proceeding to accelerate the full balance due for the remainder of the 400 weeks, under LSA-R.S. 23:1333, together with penalties and attorney’s fees thereon under LSA-R.S. 22:658 and LSA-R.S. 23:1201.2.
We can first dispose of the demand for acceleration of the full amount that could become due for the 400 weeks’ limitation, under LSA-R.S. 23:1333, which provides that, where the employer fails to pay six consecutive installments as they become due, all installments not yet payable under the judgment shall immediately become due and executory. As the judgment in this case is for $35 per week, not to exceed 400 weeks, subject to review and termination at six-month intervals, in the event plaintiff’s disability has ceased, LSA-R.S. 23:1333 cannot be invoked. The acceleration of payments under that section presupposes the existence of a prior judgment awarding compensation for a definite period. This section of the Compensation Law has been limited to cases of specific injuries, and never applied to a judgment where the compensation might be limited for a shorter duration, not to exceed in any event a fixed number of weeks, as in this case. Dixon v. King, 178 La. 1, 150 So. 385; Cranmer v. Fidelity & Casualty Co. of New York, La.App., 18 So.2d 220.
Therefore, plaintiff’s demand can only be for the past due installments, plus penalties and attorney’s fees, under LSA-R.S. 22:658 and LSA-R.S. 23:1201.2; and in such cases it is necessary for plaintiff to prove the failure to make the six consecu *616 tive payments was due to the wilful, deliberate and capricious act of the defendants. Therefore, the only issue is whether or not the failure of defendants to pay six consecutive installments entitled plaintiff to penalties, attorney’s fees and costs, under LSA-R.S. 22:658 and LSA-R.S. 23:-1201.2.
Defendants admit the failure to pay but alleged, and proved to the satisfaction of the District Judge, that their; failure was not wilful, deliberate or capricious. The record discloses that all payments were made through October 18, 1960. Thereafter, no payments were made until January 9, 1961. On January 5, 1961,-plaintiff’s attorney filed a rule to accelerate the payments and for penalties. On January 9, 1961 defendant-insurer, having itself discovered the error in its clerical department in failing to make the payments, promptly tendered their draft for $420 to plaintiff, for the full balance then due. Plaintiff’s attorney rejected this tender, informing defendant-insurer that he was demanding the acceleration of all future payments due for the 400 weeks. Subsequently, defendants received citation of the rule for acceleration and penalties.
On March 8, 1961, the trial court rendered judgment in favor of defendants. On March 15, 1961 plaintiff's attorney filed an amended rule, alleging non-payment for an additional seven weeks and claiming like penalties. The court likewise rejected this demand. Defendants resisted all demands by plaintiff, contending the failure to pay was not intentional, but was through error in insurer’s clerical department, which was corrected as soon as discovered. Defendants further alleged that they instituted proceedings to terminate future compensation payments on the ground plaintiff had wholly .recovered and was no longer disabled. That proceeding is not before the court at this time.
All payments of accrued weekly installments have been made, except penalties and attorney’s fees. Plaintiff has accepted these payments, without prejudice to ms demand for complete acceleration of the remaining 400-week installments, penalties and attorney’s fees.
Since plaintiff is not entitled to the penalties and attorney’s fees under LSA-R.S. 22:658 and LSA-R.S. 23:1201.2, because its failure was not due to any wilful, deliberate and capricious act, as found by the trial court, and since we can find no manifest error in the finding of the trial court, the judgment of the trial court must be confirmed at the cost of plaintiff. Mason v. Costanza, 166 La. 323, 117 So. 240; Kirby v. Crystal Oil Refining Corporation, 14 La.App. 115, 129 So. 385.
For the reasons assigned, the judgment of the District Court is affirmed; plaintiff to pay all costs.
Affirmed.