SAVOY, Judge.
This suit was brought by plaintiff against R. E. Heidt Construction Co., Inc. and National Surety Company, principal and surety, respectively, to recover from said defendants the price of shell used in connection with a road construction contract which Heidt had with the Parish of Cameron, Louisiana, under State Project #713-16-12 in Cameron Parish, Louisiana.
Plaintiff alleges in his petition that in October of 1964, he furnished to Heidt reef and clam shell at its request for a specified price; that said shell was used on the above-mentioned project; that upon Heidt’s failure to pay for the materials, he filed a lien under the Public Works Act, LSA-R.S. 38:2241 et seq.
Defendants filed a motion for summary judgment and then filed an answer which was a general denial.
The Court Minutes do not indicate that the motion for summary judgment was passed on by the lower court. The trial proceeded on its merits, and after completion thereof, the district judge rejected plaintiff’s demand and dismissed his suit. Plaintiff has appealed.
The record reflects that Heidt had a contract with Louisiana Towing and Dredging Company, Inc. whereby Heidt would purchase from Louisiana Towing 17,000 cubic yards of shell to be delivered by the vendor to designated places in Cameron Parish at a specified price per cubic yard. Mr. Ivan L. Harless, Jr., an official of the towing company, contacted Mr. Pete Henry, and it was agreed between the parties that the shell would be deposited on a parcel of land owned by Mr. Henry. For the use of the land the towing company agreed to pay 10‡ per cubic yard. When the towing *505 company started to unload the shell, it was discovered that plaintiff’s stockpile of shell on the Henry property interfered with the unloading of the shell the towing company was to deliver to Heidt. Harless went to see plaintiff and asked him to remove the shell which he owned from the Henry property. Plaintiff stated that he was not in a position to remove them at that time. Harless then proposed that .plaintiff allow his corporation to remove the shell and use it on the Heidt job, and that the shell would be replaced in kind or paid for.
There is a dispute as to whether the towing company was to pay for the shell or whether Heidt was to pay for the shell belonging to plaintiff.
Plaintiff contends in argument and in brief that Harless acted as agent for Heidt, whereas defendants contend that Harless was the agent for the towing company.
The evidence shows that after the delivery of the shell Heidt paid the towing company for plaintiff’s shell which had been used on the job. Subsequent thereto the company was adjudicated a bankrupt.
After the delivery of the shell by plaintiff to the towing company, he made phone calls to Mr. Ashton Fenet, an official of Heidt, but Fenet never did return the calls.
Counsel for plaintiff has abandoned his claim for a lien for the reason that the evidence reflects that Heidt had subcontracted the project in question to Robert L. Hebert.
The law is to the effect that a supplier of materials to a materialman has no right of action against the general contractor or his surety under the public works statute. United States Plywood Corporation v. Caldwell, (La.App., 1 Cir., 1966), 183 So.2d 130, writ denied, 249 La. 63, 184 So.2d 735.
Plaintiff argues before this Court that there was an implied contract between him and Heidt, and alternatively, that he should recover in quantum meruit.
Plaintiff argues that under the provisions of LSA-C.C. Articles 1811, 1816 and 1817 there was a valid binding contract by implication. There should also be added to these articles LSA-C.C. Article 1818. These articles read as follows:
“Art. 1811. Offer or acceptance may be express or implied
“Art. 1811. The proposition as well as the assent to a contract may be express or implied:
“Express when evinced by words, either written or spoken;
“Implied, when it is manifested by actions, even by silence or by inaction, in cases in which they can from circumstances be supposed to mean, or by legal presumption are directed to be considered as evidence of an assent.”
“Art. 1816. Actions implying intent to contract
“Art. 1816. Actions without words, either written or spoken, are presumptive evidence of a contract, when they are done under circumstances that naturally imply a consent to such contract. To receive goods from a merchant without any express promise, and to use them, implies a contract to pay the value. If an offer is made of an article in deposit, and the article is received, the contract of deposit is complete. If a mandate is acted on, the mandatary is bound in the same manner as if he had accepted in writing. In all those cases and others of the like nature, all the conditions, which he, who gives or proposes, annexed to the delivery or the acceptance of the proposition, are also presumed to have been accepted by the act of receiving. If the merchant, in delivering the goods, declare that they must be paid for by a certain time; if the depositor designate how the deposit is to be kept, or the mandator in what *506 manner his commission is to be executed, he who receives and acts is obligated to the performance of all these conditions.”
jf: ‡ ^ ^
“Art. 1817. Silence and inaction as implying consent
“Art. 1817. Silence and inaction are also, under some circumstances, the means of showing an assent that creates an obligation; if, after the termination of a lease, the lessee continue in possession, and the lessor be inactive and silent, a complete mutual obligation for continuing the lease, is created by the act of occupancy of the tenant on the one side, and the inaction and silence of the lessor on the other.”
■“Art. 1818. Determination of implied consent in absence of legal presumption
“Art. 1818. Where the law does not create a legal presumption of consent from certain facts, then, as in the case of other simple presumptions, it must be left to the discretion of the judge, whether assent is to be implied from them or not.”
Also, LSA-C.C. Article 2288 provides:
'“Art. 2288. Presumptions of fact in discretion of judge
“Art. 2288. Presumptions, not established by law, are left to the judgment and discretion of the judge, who ought to admit none but weighty, precise and consistent presumptions, and only in cases where the law admits testimonial proof, unless the act be attacked on account of fraud or deceit.”
The first matter to be determined is whether Heidt, by its acts, conduct or silence, knowingly caused or permitted Harless to act as its agent to the detriment of plaintiff. Harless testified that he acted in his official capacity on behalf of the towing company and not for Heidt. Mr. Fenet stated that neither he nor Heidt ever had any conversations with plaintiff.
Under LSA-C.C. Article 2288 actions, silence and* inaction, from which consent to an agreement may be implied, must be established by convincing evidence. Lowy v. Bulliard, (La.App., 1 Cir., 1944), 17 So.2d 855; Glazer v. Abroms, (La.App., 4 Cir., 1967), 202 So.2d 290.
We find, as did the trial judge, that plaintiff has failed to carry the burden of proof required to show an implied contract between him and Heidt.
We next address ourselves to plaintiff’s alternative plea of quantum meruit. Quantum meruit arises under the provisions of LSA-C.C. Article 1965, which states that the courts must apply equity in cases where the law and the agreement of the parties are silent. LSA-C.C. Articles 2292, 2293 and 2294, dealing with quasi contracts, provide that such contracts arise without any agreement and are the lawful and voluntary act of a person from which there results an obligation to a third party.
In the instant case it is conceded that there is no express consent, and we found that there was no implied contract.
We cannot find any basis for a quasi contract or of any obligation on the part of Heidt; therefore, the claim in quantum meruit must fail for this remedy is not available to a party in the absence of an obligation implied in law or otherwise whereby recovery may be had.
For the reasons assigned the judgment appealed from is affirmed at appellant’s costs.
Affirmed.