REDMANN, Judge.
Plaintiff’s appeal seeks attorney’s fees and immediate exigibility of a judgment for workmen’s compensation benefits.
A judgment of March 10, 1976 awarded $62.40 a week “from June 30, 1975 to date” and “further ordered, adjudged and decreed that the plaintiff is entitled to future compensation benefits at the rate of $62.40 a week, plus all medical expenses, pending further orders of this court.”
Defendants paid the compensation up to the date of that judgment but did not begin paying the “future compensation benefits” the judgment declared due.
Plaintiff waited silently until May 11 and then filed this rule to make all benefits immediately exigible under R.S. 23:1333. Kirby v. Crystal Oil Rfg. Corp., 2 Cir. 1930, 14 La.App. 115, 129 So. 385, correctly decided that § 1333 penalizes only a wilful refusal to pay adjudicated compensation benefits.
There is no factual showing that the refusal to pay was wilful prior to the May 11 filing of the rule. But it is clear that the refusal to pay thereafter and through the June 11 trial was wilful. However, defendant’s original unwilful failure to pay “six successive installments as they become due” cannot be added to its wilful failure to pay the fewer-than-six installments which matured between filing and trial of the rule. The statute only penalizes wilfulness that has endured through six successive installments.
We also reject plaintiff’s claim for attorney’s fees (and penalty?) under R.S. 22:658. That statute applies to an initial claim; an initial judgment might award compensation and penalty and attorney’s fees, but failure to pay the judgment does not evoke further penalty and attorney’s fees. The statutory remedy for (wilful) failure to pay a judgment is provided by R.S. 23:1333. There are, moreover, means of enforcing judgments (both by executing and by contempt proceedings).
Affirmed.