HALL, Judge.
Plaintiff filed a petition under LSA-R.S. 23:1333 seeking to accelerate all weekly workman’s compensation benefits due him under a total and permanent disability judgment because of defendant’s failure to *857 pay six successive installments as they became due. Finding that defendant’s failure to pay was not willful and that plaintiff failed to prove prior demand on the defendant, the trial court rejected plaintiff’s demands. We affirm.
On appeal plaintiff specifies that the trial court erred in failing to make the entire amount of the judgment due and exigible and, particularly, that the trial court erred in placing an undue burden of proof on the plaintiff in his effort to establish that a demand letter written by his attorney was received by the defendant.
Judgment was rendered July 12, 1979 ordering defendant to pay to the plaintiff total and permanent disability benefits in the sum of $140 per week. Defendant, who is not insured, paid the weekly benefits regularly through the payment due March 12, 1980. When no subsequent payments were received by plaintiff’s attorney, to whom payments were ordinarily mailed, the attorney had his secretary type a letter addressed to defendant in which he requested payment of the past due compensation benefits. The letter, a carbon copy of which was filed into evidence, was dated April 24, 1980 and was correctly addressed to defendant’s Crossett, Arkansas office. The attorney testified he signed the letter and had his secretary mail it. When no response was received, the petition in this action was filed on May 9,1980 and the rule was tried on May 19.
The evidence established that the failure to pay compensation benefits after March 12 was due to a clerical error. Defendant’s compensation payment records were maintained on weekly diary cards and a temporary employee inadvertently failed to pull the plaintiff’s card on March 19. Consequently, compensation was not paid on that date and the card was not diaried for the following week. The error would normally have been discovered on April 19, but that date fell on a Saturday when the office was closed, so the card was not pulled. The error would have been discovered on May 19, the date this suit was tried.
An employee in defendant’s workman’s compensation department testified the demand letter from plaintiff’s attorney was not received in her office. She further testified that a search was conducted for the letter but it was not found. Her first knowledge that payments had not been properly made came after this suit was filed and defendant was served.
LSA-R.S. 23:1833 provides:
“If the employer against whom a judgment awarding compensation has been rendered becomes insolvent or fails to pay six successive installments as they become due, the installments not yet payable under the judgment shall immediately become due and exigible and the judgment shall become executory for the whole amount; but if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue.”
Because of the harsh nature of the penalty imposed by this statute and under the rule that forfeitures are not favored in the law, two requirements limiting the effect of the statute have been added by cases interpreting the statute. First, the cases have required that the employer’s failure to pay the installments must be a willful refusal to pay. Second, the cases have required the employee to make demand on the employer for past due payments before the penalty can be invoked. See Lytell v. Strickland Transportation Company, Inc., 373 So.2d 138 (La.1979); Crawford v. T. Smith & Son, Inc., 183 La. 103, 162 So. 814 (1935); Mason v. Costanza, 166 La. 323, 117 So. 240 (1928); Bennett v. St. Louis Hotel, 341 So.2d 642 (La.App. 4th Cir. 1977); Kirby v. Crystal Oil Refining Corporation, 14 La.App. 115, 129 So. 385 (La.App. 2d Cir. 1930); Eisel v. Caddo Transfer and Warehouse Company, 11 La.App. 408, 123 So. 496 (La.App. 2d Cir. 1929).
As previously stated the evidence clearly establishes that defendant’s nonpayment of weekly installments was due to a clerical error and was not willful. As the trial court noted, defendant’s system of payment is antiquated and does not have sufficient safeguards against error, but there was no willful refusal to pay.
*858 The thrust of plaintiff’s argument on appeal is that the trial court erred in failing to hold that there was sufficient proof of defendant’s receipt of the attorney’s demand letter, and that defendant’s failure to pay after receiving the letter amounted to a willful refusal to pay.
The attorney testified he dictated ^nd signed the letter and that his secretary mailed it. However, the secretary did not testify. It was not established by direct evidence that the letter was properly stamped and placed in the mailbox. It was not established that it was the secretary’s custom to mail office correspondence and that she followed the custom on April 24 when the letter was prepared. Under these circumstances the presumption of receipt of a mailed letter did not arise. See Di Rosa v. Bosworth, 225 So.2d 42 (La.App. 4th Cir. 1969). Even if the evidence were sufficient to give rise to the presumption of receipt, that presumption was overcome by the testimony of defendant’s employee who denied receipt of the letter. The trial court correctly held that plaintiff failed to prove receipt by the defendant of demand for payment.
The judgment of the district court is affirmed at the cost of plaintiff-appellant.
Affirmed.