LOTTINGER, Judge.
The sole issue on this appeal is whether future workmen’s compensation payments should be accelerated under La.R.S. 23:1333 because the employer’s insurer failed to pay compensation benefits to plaintiff for six successive weeks. The trial court held that payments should not be accelerated and dismissed plaintiff’s rule. The plaintiff took this appeal.
Plaintiff Johnson was injured in the course and scope of his employment on August 14, 1978. From the time of the accident until August, 1979, workmen’s compensation payments were made by the insurance company. Benefits were terminated at the end of August, 1979, because the defendant believed that the plaintiff was no longer eligible for them. Plaintiff filed suit seeking reinstatement of benefits, medical expenses, penalties and attorney’s fees. On March 26, 1980, the trial court ordered the defendants to pay weekly benefits of $130.00 during the period of plaintiff’s disability, not to exceed 450 weeks, expert fees of $600.00 and medical expenses. The defendants timely moved for a new trial on the issue of disability but the motion was denied, with the notice of judgment being mailed on May 30, 1980.
On June 5, 1980, an adjuster for Continental Insurance Company requested issuance of a draft to the plaintiff for all unpaid compensation plus interest through June 9,1980. At the same time the adjuster requested this payment, she made a notation on the written request that weekly compensation benefits should be resumed. The draft was issued to plaintiff but an administrative error at the insurance company’s office resulted in the failure to begin payment of the weekly compensation checks. The error was discovered on July 21,1980, at which time the company made a lump sum payment of $910.00 to the plaintiff to cover the seven week period which had transpired. Weekly payments were resumed thereafter.
Some four days after he received the $910.00 check bringing the weekly benefits up to date, the plaintiff filed the motion to *3 accelerate all overdue and future payments. The matter was heard on August 22, 1980, and the trial court rendered this judgment in. favor of the defendants.
In reasons for judgment, the trial court said the statute relied upon by the plaintiff, La.R.S. 23:1333, applies only in the case of an employer who does not have insurance under the workmen’s compensation statute. Additionally, the trial court held that the statute only penalizes a “willful refusal” to pay benefits for a period of six successive weeks. The court held that “there is no willful refusal here in this case.” He found that the insurance company’s error was in good faith.
The plaintiff contends that the issue on appeal is whether demand is required before the acceleration penalty can be invoked.
La.R.S. 23:1333 provides:
“If the employer against whom a judgment awarding compensation has been rendered becomes insolvent or fails to pay six successive installments as they become due, the installments not yet payable under the judgment shall immediately become due and exigible and the judgment shall become executory for the whole amount; but if the employee or his dependant is adequately protected by insurance and receives payments thereunder this right shall not accrue.”
In Lytell v. Strickland Transportation Company, Inc., 373 So.2d 138 (La.1979), the court stated that La.R.S. 23:1333 “provides for a penalty against any employer who does not have adequate insurance protecting his employees and who, despite judg- ’ ment being awarded against him, still fails for six successive weeks to pay workmen’s compensation benefits so awarded.” 373 So.2d at 140. In a footnote, the Lytell court cited with ostensible favor earlier decisions which required that the employer’s failure to pay benefits for six successive weeks must be willful and that an employee who seeks to invoke the penalty must make a prior demand for the unpaid sums. See Mason v. Costanza, 166 La. 323, 117 So. 240 (1928); Eisel v. Caddo Transfer and Warehouse Company, 11 La.App. 408, 123 So. 496 (La.App. 2nd Cir.1929); see also Kirby v. Crystal Oil Refining Corporation, 14 La. 115, 129 So. 385 (La.App. 2nd Cir.1930). The Fourth Circuit has also held that the statute only penalizes willfulness that has endured through six successive installments. Bennett v. St. Louis Hotel, 341 So.2d 642 (La.App. 4th Cir.1977).
We, too, find that the purpose of the penalty statute will be effectuated only if the penalty provision is applied against employers who willfully refuse to pay the installment payments. A good faith mistake by the insurance company in failing to make the payments should not result in a penalty being invoked against the employer or the insurance company. We thus need not decide whether Section 1333 is applicable to an employer whose workmen’s compensation carrier fails to make the payments or whether prior demand is always required before the penalty provision can be invoked.
Therefore, for the above and foregoing reasons, the decision of the trial court is affirmed. The plaintiff will bear the cost of this appeal.
AFFIRMED.