DOMENGEAUX, Judge.
This case results from earlier proceedings wherein we awarded compensation benefits to plaintiff and the Louisiana Supreme Court subsequently denied writs. Initially plaintiff obtained a judgment ordering the defendant, Dresser Industries, Inc., to pay weekly compensation benefits at the rate of $111.20 per week beginning August 1, 1978, and continuing for the duration of plaintiff’s disability, with legal interest on each past due installment from its due date until paid. Defendant appealed the lower court’s judgment to this Court. We affirmed the award of compensation benefits but amended the trial court’s judgment to award plaintiff the sum of $5,000.00 as attorney’s fees and twelve (12%) percent penalties. See John G. Thibodeaux v. Dresser Industries, Inc., 407 So.2d 37 (La.App. 3rd Cir.1982), writ denied, 412 So.2d 85 (La.1982).
On March 15, 1982, defendant paid plaintiff compensation benefits covering the period through March 18, 1982. The interest on the attorney’s fees, which had been or *1295 dered by this Court, were paid on June 9, 1982. On June 16, 1982, defendant paid plaintiff compensation due for the period from March 18th to June 3rd. On July 23, 1982, plaintiff filed a rule to accelerate payments under the provisions of La.R.S. 23:1333. The trial court refused to accelerate the payments stating that the facts of this case did not bring it within the purview of La.R.S. 23:1333. Plaintiff appeals such refusal. We affirm.
The sole issue presented by this appeal is whether plaintiff is entitled to acceleration of all of the weekly compensation benefits under the provisions of La.R.S. 23:1333.[1]
“In Johnson v. Continental Insurance Companies, 410 So.2d 1058 (La.1982) our supreme court was confronted with the same issue and similar circumstances. In that case due to an administrative error plaintiff was taken off the insurance company’s weekly diary. Upon discovering the error the company promptly paid the plaintiff the benefits owed. The trial court found that the company had not willfully refused to pay plaintiff benefits and therefore denied the plaintiff acceleration of benefits under 23:1333. The appellate court affirmed, 396 So.2d 2 (La.App. 1 Cir.1981). Writs were granted to review this interpretation of LSA-R.S. 23:1333 and the supreme court concluded:
‘In the instant case, defendant’s failure to pay six successive installments was due to an administrative error in its office. Defendant made prompt payment, however, when the delinquency was brought to the attention of its supervisory employees. Under these circumstances, defendant did not ‘willfully’ refuse to pay. ‘The uniform interpretation of R.S. 23:1333 by the courts since the statute was enacted compels a conclusion that section 1333 should not apply to a situation where there was no ‘willful refusal’ to pay. Other penalty provisions in the compensation act apply when the failure to pay or discontinuance of payment of a claim is found to be arbitrary, capricious or without probable cause. R.S. 22:658 (insurer); R.S. 23:1201.2 (uninsured employer).’ ”
Clary v. Nabors—Sun Drilling, etc., 417 So.2d 119, 121 (La.App. 3rd Cir.1982), writ denied, 420 So.2d 457 (La.1982), (Emphasis added).
The record clearly indicates herein that the defendant was delinquent in the payment of disability benefits over a six or seven week period. It is thus imperative that the reason for the delinquency be considered.
Defendant, Dresser Industries, Inc., retains the services of Underwriters Adjusting Company to handle their worker’s compensation claims. Two of the adjusting company’s employees were involved in handling the plaintiff’s case. They were Mr. Keith Turner, who was the adjuster in charge, and Mrs. Gay Angelle, who was the employee responsible for preparing the checks and keeping up the “diary”.[2]
Mr. Turner’s testimony was to the effect that he issued the appropriate orders to place Mr. Thibodeaux’s name “on diary” after the payment of June 3, 1982, but because of a mere oversight the proper action was not taken. This failure to so enter his name in the diary resulted in plaintiff’s claim not coming up for payment on the subsequent weeks. Additionally, Mr. Turner indicated that this oversight was further complicated by virtue of the fact that after the issuance of the checks *1296 on June 3, 1982, he took a vacation and once he returned to his office there was nothing to call this matter to his attention. Understanding the workings of the diary system, it logically follows that once the error was committed the only way the matter would be called to the attention of the adjusting agency is if the claimant employee or his attorney calls their attention to the delinquencies. Here the oversight was called to the attention of the adjuster by virtue of the filing of this suit and the problem has long since been rectified.
Mr. Turner’s testimony and the defendant’s exhibit which consists of various work requisition forms and diary pages, substantiate the fact that although an error was made, it was an honest one. There was nothing intentional, wanton, or wilful, about this omission, but rather, this set of unfortunate events was caused by a mere administrative oversight.
“Courts have treated section 1333 as a penalty or forfeiture against the employer and have held, therefore, that this section must be strictly construed. Dixon v. King, 178 La. 1, 150 So. 385 (1933); Mason v. Costanza, 166 La. 323, 117 So. 240 (1928). Thus, judgments of acceleration of payments have been awarded only on infrequent occasions.”
Johnson v. Continental Ins. Companies, 410 So.2d 1058, 1060 (La.1982).
Under the strict construction given by the Court to Section 1333 its acceleration principle does not apply where there was no “willful refusal” to pay.
For the above and foregoing reasons the judgment of the trial court denying acceleration of the plaintiff’s compensation payments is affirmed. Plaintiff is to pay all costs, both at trial and on appeal.
AFFIRMED.

. La.R.S. 23:1333 provides:
"If the employer against whom a judgment awarding compensation has been rendered becomes insolvent or fails to pay six successive installments as they become due, the installments not yet payable under the judgment shall immediately become due and exigible and the judgment shall become executory for the whole amount; but if the employee or his dependent is adequately protected by insurance and receives payment thereunder this right shall not accrue.”

. Underwriters Adjusting Company utilizes a bookkeeping system whereby a claimant’s name is placed on a ledger for each date a payment is due. The ledger is checked every morning and a check is issued to whomever benefits are due.