hPEATROSS, J.
This appeal arises from a judgment by a Workers’ Compensation Judge (“WCJ”) denying Ronald M. Mason’s (“Claimant”) motion to accelerate benefits, finding that Claimant failed to provide a written demand for past due payments which must be presented to the employer or its representative before benefits can be accelerated. We affirm. *
FACTS
Claimant was awarded benefits against CCC Express, Inc., (“Defendant”)by the Office of Workers’ Compensation on December 20, 1996, which award was affirmed by a panel of this court in an unpublished opinion on January 21, 1998. Mason v. CCC Express, Inc., 30,171 (La. App.2d Cir.1/21/98), 709 So.2d 1102, writ denied, 98-0492 (La.4/3/98), 717 So.2d 1132. Following the denial of Defendant’s application for writ of certiorari by the supreme court, Defendant began paying indemnity benefits to Claimant.
Shortly thereafter, Defendant requested that Claimant be examined by Dr. Carl Goodman, an orthopaedic specialist. The exam took place on June 29, 1998, and Dr. Goodman opined that Claimant was suffering from a lumbar strain and sprain with possible disc injury and could not work in his present condition. An MRI was performed on August 10,1998, after which Dr. Goodman assigned disabilities and permanent restrictions.
Defendant further requested that Claimant be re-examined by his former neurosurgeon, Dr. Donald R. Smith. Dr. Smith had performed low back surgery on Claimant in 1992, prior to Claimant’s employment with Defendant. Claimant was examined by Dr. Smith on October 19, 1998. Dr. Smith opined that Claimant was at maximum medical improvement as related to his back injury and was capable of returning to medium to heavy work. Dr. Smith also noted, however, [2that Claimant suffered from a heart condition which, combined with his back problems, prohibited Claimant from returning to work.
Based on Dr. Smith’s opinion, Defendant terminated indemnity benefits to Claimant effective October 22, 1998, and filed an LDOL-WC-1003 form stating that benefits had been terminated; and the case was closed on November 20, 1998. On December 11, 1998, Claimant filed a motion to accelerate benefits pursuant to La. R.S. 23:1333, for Defendant’s failure to pay six successive installments of indemnity benefits. The motion was denied for failure to present written demand for past due payments on the employer. Claimant appeals.
DISCUSSION
La. R.S. 23:1333 requires the following elements for the acceleration of indemnity payments:
*354 1) An award of compensation against the employer;
2) insolvency or failure to pay six successive installments as they become due by the employer;
3) existence of installments not yet payable under the award; and
4) the employee is not adequately protected by insurance and receiving payments thereunder.
Duncan v. State, Department of Transportation and Development, 615 So.2d 305 (La.1993); Eglin v. United Gas Pipeline, 95-721 (La.App. 3d Cir.1/24/96), 670 So.2d 250; Davillier v. Transit Management of Southeast Louisiana, 97-2848 (La.App. 4th Cir.9/9/98), 718 So.2d 600. Since La.R.S. 23:1333 imposes a very harsh penalty and since forfeitures are not favored in the law, jurisprudential interpretation of the statute has added two more requirements which must be met before the penalty can be invoked. Those requirements include a showing that the employer’s failure to pay the installments was a willful refusal to pay and that the employee made demand on the employer for past due payments. Harris v. Georgia-Pacific Corp., 395 So.2d 856 (La.App. 2d Cir.1981); see also Lytell v. Strickland Transportation Company, Inc., 373 So.2d 138 (La.1979); Crawford v. T. Smith & Sons, Inc., 183 La. 103, 162 So. 814 (1935); Mason v. Costanza, 166 La. 323, 117 So. 240 (1928); Bennett v. St. Louis Hotel, 341 So.2d 642 (La.App. 4th Cir.1977); Kirby v. Crystal Oil Refining Corporation, 14 La.App. 115, 129 So. 385 (2d Cir.1930); Eisel v. Caddo Transfer and Warehouse Company, 11 La.App. 408, 123 So. 496 (2d Cir.1929).
It is this last requirement, demand on the employer, that is the focus of Claimant’s third assignment of error,[1] which is a question of law. Since this is a procedural requirement and its absence necessarily pretermits any discussion of the remaining jurisprudential requirement and the elements of the statute, we shall address this assignment first. Appellate review of a question of law, which is de novo, is simply to determine whether the court below was legally correct or legally incorrect in its application of the statute. City of New Orleans v. Board of Commissioners of Orleans Levee District, 93-0690 (La.7/5/94), 640 So.2d 237; Conagra Poultry Co. v. Collingsworth, 30,155 (La.App.2d Cir.1/21/98), 705 So.2d 1280.
The WCJ, relying on Harris, supra, stated in her reasons for judgment that the evidence clearly indicates that Claimant did not make the required written demand on Defendant. In fact, Claimant concedes in brief that he did not make demand, arguing, instead, that, under the circumstances, written demand was not required. In support of this argument, Claimant asserts that, just as in the context of tort law, when there is no duty to warn of an obvious danger, he had no | obligation to provide written demand when Defendant has clearly made a purposeful decision to stop payments. Claimant fails, however, to cite any legal support for his argument.
We infer from Claimants’s argument that, because Defendant knowingly and willfully stopped payments, there was no need to make demand for payment because the law does not require a person to do a vain and useless act. We do not find, however, that this principle is applicable to the case sub judice. A willful failure to pay under the statute does not necessarily equate to a waiver of demand.
*355 Except for instances where a clerical error has occurred, it is most likely that the party who stops payment of benefits will have knowledge of that fact. The jurisprudential rule that the worker must make formal demand for payment is not solely to inform the paying party that it has stopped payments. Certainly, Defendant was aware of the fact it had stopped payments and it has so conceded in its brief on appeal. Defendant stopped payments after Claimant’s physician opined that Claimant was no longer suffering from a work-related injury. This medical opinion was in Claimant’s possession; therefore, Defendant, having received no formal demand from Claimant, was logical in assuming that Claimant was in agreement with his physician’s opinion, silence being construed as tacit acceptance. Bagby v. Dillon, 434 So.2d 654 (La.App. 3d Cir.1983); A.K. Roy, Inc. v. Roy, 380 So.2d 689 (La.App. 4th Cir.1980); Bailey v. R.E. Heidt Construction Co., 205 So.2d 503 (La. App. 3d Cir.1967). Without formal demand, Defendant had no opportunity to litigate this issue prior to having to defend against a motion to accelerate and face the stiff penalties of La. R.S. 23:1333.
Since this record, therefore, evidences the lack of demand on the part of Claimant, we cannot say that the WCJ was legally incorrect in her application of La. R.S. 23:1333 and its jurisprudential interpretations. We find, therefore, that, Lsince Claimant failed to meet the threshold procedural requirement of demand, his claim for acceleration is premature.
CONCLUSION
For the foregoing reasons, the judgment of the WCJ dismissing the demand of Claimant, Ronald M. Mason, for acceleration of payments against Defendant, CCC Express, Inc., is affirmed. Costs are assessed to Claimant, Ronald M. Mason.
AFFIRMED.

. Claimant asserts the following assignments of error:
1) The four statutory elements that must be satisfied prior to accelerating an award of weekly benefits pursuant to La. R.S. 23:1333 were met in this case.
2) The additional jurisprudential requirement, that the failure to pay be “willful refusal,” has been met.
3) The jurisprudential requirement for a written demand placing the employer on notice of its failure to pay benefits before a "willful refusal” will be found is negated in this case by the termination of benefits effective October 22, 1998, followed by the filing of the LDOL-WC-1003 form on November 20, 1998, stating that benefits were terminated and closing the case.