### DIXON v. KING. *
### No. 14329.

Court of Appeal of Louisiana. Orleans.

Jan. 30, 1933.

Wm. A. Green, of New Orleans, for appellant.

Gordon Boswell, of New Orleans, for appellee.

WESTERFIELD, J.

Paul Dixon, plaintiff and appellant, obtained a judgment in the civil district court on July 13, 1931, condemning his employer, the defendant and appellee, Fred D. King, to pay $12.51 per week, for the period of Dixon's disability, and not exceeding 150 weeks. Payments were made under this judgment until February 28, 1932, when they were discontinued without any reason having been assigned therefor. On April 18, 1932, Dixon, through his counsel, ruled the defendant, King, into court, alleging that more than seven weeks had elapsed since defendant had paid any compensation under the judgment, and that according to the provisions of section 33 of Act No. 20 of 1914, as amended by Act No. 38 of 1918 (Workmen's Compensation Act), the failure of the defendant to pay the weekly compensation due under a judgment for six successive weeks had the effect of making the entire amount due under the judgment immediately exigible. He prayed for appropriate relief. Apparently without answering this rule, the defendant came into court, by rule, alleging that more than six months had elapsed since it had been condemned to pay Dixon compensation for a period not exceeding 150 weeks, and that in the meantime plaintiff's disability had terminated; that the judgment should be reviewed and annulled, and a decree entered discharging defendant from all liability thereunder.

Both rules were consolidated for purposes of trial and judgment rendered dismissing the rule of plaintiff and maintaining that of defendant. Plaintiff has appealed.

On the trial of the consolidated rules in the

court, a qua, it was admitted that the payments under the judgment had been arbitrarily suspended for more than six weeks; the reason then assigned was that defendant was convinced that plaintiff had recovered from his injuries. It was also admitted that King carried workmen's compensation liability insurance in the Ocean Accident & Guaranty Company, and that this corporation had made the payments on behalf of defendant; a circumstance considered of much importance by defendant's counsel as we shall see later in our discussion.

The question presented by this appeal is twofold. Did the failure of defendant to pay compensation for a period in excess of six consecutive weeks result in accelerating future payments and cause the entire judgment to become executory in view of section 33 of the Compensation Statute; and, if not, has the plaintiff sufficiently recovered from his injuries to warrant an amendment of the former judgment of the court awarding him 150 weeks' compensation?

Section 33 of the Compensation Act reads as follows: "That in the event the employer against whom there has been rendered a judgment of Court awarding compensation in favor of any employee or his dependent should become insolvent or fail to pay six successive installments as they become due, the installments not yet payable under said judgment shall immediately become due and exigible and the judgment shall become executory for the whole amount; provided, that if the employee * * * is adequately protected by insurance and receives payments thereunder this right shall not accrue" to the employee.

Defendant contends that the proviso in this section, to the effect that "if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue," has the effect of relieving him from the penalty provided therein; the argument being that where an employer carries workmen compensation insurance, the fact that he is six weeks behind in his payments is immaterial, since under the proviso in the act it is only necessary that the employee be "adequately protected by insurance" to relieve the employer from the penalty provided in the section. This interpretation would read out of the proviso the words "and receives payments thereunder" as a further condition necessary to escape the penalty. In other words, the section means, what it seems to us to clearly say, that, if an employer shall "fail to pay six successive installments as they become due the installments not yet payable under such judgment shall immediately become due," the only qualification or exception occurs where an employee is paid and adequately protected in future payments by an insurance company.

In the words of the statute, "if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue." In other words, if an insurance carrier is making the payments due by the employer, he cannot complain and demand payments from the employer. The object of the section it seems to us is to insure the prompt and uninterrupted payment of the compensation installments due the injured workman under the judgment which he has obtained, and to penalize an employer who has not directly or indirectly paid the installments due for a period of more than six weeks. To interpret the section as contended for by defendant's counsel would lead to strange results. For instance, if an employer who is not protected by insurance should fail to pay compensation for six weeks, he would be penalized by having the entire amount due under the judgment immediately become executory; but if an employer who is protected fails to pay for six weeks, or sixteen weeks, for that matter, the penal provisions of the section would not apply because the employer had taken out a policy of insurance. The employee would be just as much neglected by his judgment debtor in either case whether there be a surety or otherwise.

In the case of Mason v. Costanza, 166 La. 323, 117 So. 240, 241, it was held:

"It is clear that the purpose of section 33 of Act 20 of 1914, in providing for the maturity of all installments not yet payable upon the failure of the employer to pay six successive installments, was to visit a penalty upon the employer who willfully refused to pay."

In the case of Eisel v. Caddo Transfer & Warehouse Co., 11 La. App. 408, 123 So. 496, 498, it was held:

"In cases under the Compensation Law, where an employer has been condemned by final judgment to pay an employee weekly compensation and subsequently repudiates the obligation by refusing to pay on demand, the forfeiture must be declared when demanded under the plain letter of the law. Section 33, Act No. 20 of 1914, as amended by Act No. 38 of 1918."

The conclusion we have reached renders it unnecessary to discuss the question of the state of health of the employee.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be and it is reversed, and it is now ordered that all installments due after February 28, 1932, under that certain judgment rendered in the case of Dixon v. King, No. 190, 773 of the civil district court, for the parish of Orleans, be decreed to be immediately due and exigible, and this judgment become executory for the whole amount, with interest on the payments as the law provides, subject, however, to a credit for such

sums as may have been paid by the defendant, Fred D. King, since the filing of the rule to make the judgment executory. Defendant to pay all costs.

Judgment reversed.