## Paul DIXON v. Fred D. KING. *
## No. 14329.

Court of Appeal of Louisiana. Orleans.
March 13, 1933.

PER CURIAM.

Petition for rehearing refused. For former opinion see 145 So. 558.

JANVIER, Judge (dissenting).

Though I concurred in the original opinion, I have given further consideration to the matter and have reached the conclusion that we were in error in applying the penalty provided for by section 33 of Act No. 20 of 1914, as amended by Act No. 38 of 1918. Since my associates feel that the opinion and decree as rendered are correct and a rehearing is to be refused, I deem it proper to place in writing the views which I now entertain on the question which is presented.

Plaintiff obtained a judgment in compensation against defendant, his employer. This judgment was "for $12.51 per week * * * until disability is removed, and not to exceed 300 weeks. * * * *" Plaintiff, on motion, entered a remittitur for the purpose of reducing the maximum number of payments from 300 to 150.

Though defendant's insurer was not made a party defendant, it, after the judgment was rendered, commenced making the weekly payments to plaintiff, and plaintiff received them from the insurer with knowledge of the fact that the payments were being made by the insurer and not by defendant.

After more than six months had elapsed the insurer became convinced that plaintiff had recovered from his injuries. As a result of this conviction on the part of the insurer, more than six weeks elapsed during which no payments were made, whereupon a rule was filed by plaintiff, having for its object the accelerated maturity of all of the otherwise unmatured installments. Section 33 of Act No. 20 of 1914, as amended by Act No. 38 of 1918, reads as follows: "That in the event the employer against whom there has been rendered a judgment of Court awarding compensation in favor of any employee or his dependent should become insolvent or fail to pay six successive installments as they become due, the installments not yet payable under said judgment shall immediately become due and exigible and the judgment shall become executory for the whole amount; provided, that if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue:"

In answer to this rule defendant filed a mo-

tion suggesting that plaintiff had recovered from his injuries, and that, therefore, no further compensation payments should be made. When the matter came on for trial the evidence was taken and the district judge reached the conclusion that plaintiff had recovered and that no further payments were due. From this judgment plaintiff appealed and contended in this court that, upon the failure of the insurer to make payment for six consecutive weeks, all unmatured installments immediately became due, and that no defense could be set up on the ground that plaintiff had recovered from the original injury. In our original opinion we accepted this view, but I have now come to a different conclusion.

I do not believe that it was the intention of the legislators that section 33 should apply to any case in which a duly qualified insurance company has insured the liability of the defendant and the employee or his dependents have accepted the insurer's liability and have been receiving weekly payments from the insurer. In other words, I construe the proviso in section 33 to mean that section 33 itself does not apply if there is a duly qualified insurer and if the employee has been in the past receiving payments from that insurer. In the majority view of the court, the word "payments," as it appears in the proviso, means payments for the 6 or more weeks during which there has been a default. In other words, the section, as construed in the majority view, means this: If the employer fails to pay for six weeks, then all unmatured weekly payments shall become due, unless the payments for those 6 or more weeks have been made by the insurer.

I feel that the word "payments" contained in the proviso does not refer to the payments for the 6 or more weeks during which there has been a default, because, manifestly, if those payments have been made, there has been no default. What the proviso means is that the section has no application where there is a duly qualified insurer and the employee receives (has been receiving) payments from the insurer. It is a well-recognized fact that most employers are protected by insurance, and that, in a vast majority of cases, the injured employee looks directly to the insurance company, and it strikes me as approaching the border line of absurdity to say that failure to make payment for six weeks shall mature all unmatured payments, provided that, if the payments in default are in fact not in default and have been paid, then the forfeiture shall not apply.

I believe that it was not the purpose of the legislators that this section should apply where there is adequate insurance if the employee has recognized the insurance company and has accepted payments from it, and I can well see a reason for distinguishing be-

*Writ of certiorari granted by Supreme Court May 1, 1933.

tween an employer who makes payments himself and an insurance company which is qualified under the laws of the state and has either made a deposit with the state officials, or has filed a qualifying bond.

· If an employee should obtain judgment against an individual employer, and that employer permits himself to become six weeks or more in default, it is fair to presume that he is approaching the border line of insolvency, and that there is imminent danger that the employee may not receive future payments, and, thus, it is perfectly reasonable to say that the employee shall be given the right to mature immediately all future installments. But, where there is an adequately qualified insurance company, and that insurance company has been making payments, there is no reason to give the employee the right to demand that all future installments be immediately matured, because it must be presumed that the insurance company, having qualified to do business under the laws of the state, will be prepared to meet the weekly obligations as they mature.

My associates feel that, if my view is correct and an insurance company fails to make payment, the employee would have no remedy, and that the insurer might refuse for six weeks, or, in fact, indefinitely, to make payments. My answer to that is that the employee at all times has the processes of the court available to enforce each weekly payment by execution of his judgment.

I believe here that a grave injustice will be done when the present decree becomes final, because I am convinced, from the record, that plaintiff had entirely recovered when this matter came up for hearing.

The judgment of the district court so declares, and, when we reverse that judgment and require the insurer to make all unmatured payments at once, we give to plaintiff a large sum of money taken from the insurer on a pure technicality and on a fine construction of the statute involved, whereas it is a universal principle that forfeitures are not favored in the law.

It should also be borne in mind that the judgment did not declare that plaintiff should receive weekly payments for 150 weeks, but merely that, as amended by the remittitur, he should receive payments as long as disability existed, but in no event for more than 150 weeks. Therefore our decree will give to plaintiff payment for 150 weeks, when, not only is there no proof that his disability will continue that long, but, on the contrary, there is abundant proof that it has already terminated.

Believing that injustice will result from the decree as rendered, I respectfully dissent from the refusal to grant a rehearing.