This is an appeal from a judgment of the district court maintaining an exception of no cause or right of action filed by Jesse Elmore to the original and supplemental petitions of plaintiffs, in which they seek to discontinue the compensation payments due him under a judgment dated June 28, 1943 awarding weekly compensation for the duration of his disability, not exceeding 400 weeks. See La. App., 14 So.2d 684.
The petition alleges: "That any disability that Elmore may have had has long since totally ceased," and that Elmore since November 3, 1943, "has been employed as a laborer and engaged in work of the same general nature and more physically strenuous than the work in which he was engaged (previous to his injury)."
A supplemental petition recited that Elmore was a non-resident of the State of Louisiana; that he was then located in the State of California, and prayed that a curator ad hoc be appointed to represent him and that service be made in accordance with law upon the curator.
The curator excepted to the petitions upon the ground that Elmore is a nonresident of this State and that the district court was therefore without jurisdiction. This exception was overruled.
The curator then filed an exception of no cause or right of action, based upon the ground that there was no allegation made that there had been any change or improvement of any kind in defendant's condition. This second exception was maintained by the district court and plaintiffs' suit was dismissed. The plaintiffs have appealed. *Page 435 
The curator has urged before us his exception to the district court's jurisdiction and argues that, since Elmore is presently a non-resident of Louisiana and is located in the State of California, the district court had no jurisdiction to modify the judgment for compensation.
Act No. 20 of 1914, Sec. 20, as amended by Act No. 85 of 1926, Sec. 1, Dart's § 4410, provides in part: "* * * at any time after six months after said judgment of compensation shall have been rendered by the judge of the trial Court is shall be reviewed by a judge of the Court that rendered the judgment sought to be modified upon the application of either party, on the ground that the incapacity of the employee has been subsequently diminished or increased, * * *."
[1] It will be seen from the foregoing that when a defendant in a compensation judgement seeks a modification of the judgment on the ground that the employee's incapacity has subsequently diminished, such action must be brought before the court that rendered the judgment. The present case is before the same court that rendered the judgment and under the law it is the proper tribunal to try and determine the suit for a modification of its own judgment.
Plaintiffs do not seek a personal judgment against Elmore or to enforce any personal obligation on Elmore's part. The purpose of the action is to relieve plaintiffs from the burden imposed upon them by the Louisiana Court in its 1943 judgment. Louisiana Laws provide that when an absentee is not represented and is a necessary party to judicial proceedings, the judge having jurisdiction over the proceedings shall appoint an attorney at law to represent such absentee. Dart's General Statutes, Par. 9724, Act No. 219 of 1918, § 1, as amended by Act No. 74 of 1942, § 1; C.P. arts. 116 and 116.1
[2] The district judge was correct in overruling the curator's plea to his jurisdiction.
We next consider the exception of no cause of action. Article 6 of the plaintiffs' original petition sets forth: "That any disability that Elmore may have had has long since totally ceased."
The above quoted portion of Section 20 of the compensation act, as amended, provides that a defendant in a compensation judgment may seek its modification on the ground that the"incapacity" of the employee has been subsequently"diminished." (Italics ours).
[3] The allegation that the disability of Elmore has totally ceased is equivalent to an allegation that Elmore is no longer incapacitated, or that his incapacity has "diminished." Taking the allegations of the petition as true, a cause of action is stated and the district judge was in error in maintaining the exception.
For the reasons assigned the judgment appealed from is reversed and this cause is remanded to the district court for further proceedings according to law; defendant-appellee is to pay the costs of this appeal and all other costs are to await final determination of the suit.