373 So.2d 138 (1979)
Joseph LYTELL, Plaintiff-Appellant-Relator,
v.
STRICKLAND TRANSPORTATION COMPANY, INC., Defendant-Appellee-Respondent.
No. 63795.
Supreme Court of Louisiana.
June 25, 1979.
Rehearing Denied July 27, 1979.
*139 Bernard S. Smith, Covington, for plaintiff-appellant-relator.
James L. Donovan, Donovan & Lawler, Metairie, for defendant-appellee-respondent.
TATE, Justice.
The sole issue before us concerns the penalty provided by La.R.S. 23:1333 of our compensation statute. The penalty applies against an employer who, after a judgment awarding workmen's compensation benefits, fails to pay six successive compensation installments as they fall due. The penalty provided is that the installments not yet payable under the judgment shall become due and exigible and that the judgment shall become executory for the whole amount.
In the instant case, although the defendant employer failed after judgment to pay weekly compensation despite repeated demands, the plaintiff's pleadings to invoke the statutory penalty were rejected for the sole reason that the statutory penalty was held to apply only to awards for non-disabling specific schedule-injuries (loss of a thumb, etc.), not to awards for disability. 366 So.2d 1040 (La.App. 1 Cir., 1978). We granted certiorari, 368 So.2d 123 (La.1979), because we entertained doubt that this was the correct interpretation of the statutory intent.

I
The penalty provision at issue (La.R.S. 23:1333) is found in Sub-Part C ("Judgments"; Sections 1331-33) of Part IV ("Judicial Enforcement of Claims"; Sections 1291-1351) of the Louisiana Workmen's Compensation Act, La.R.S. 23:1021 et seq.[1] *140 It is found as the final provision of that Sub-Part; the preceding sections concern modification of a judgment (1331)[2] and the regulation of judgments in favor of minors or interdicts (1333).
In its statutory context (see footnotes 1 and 2), Section 1333 provides for a penalty against any employer who does not have adequate insurance protecting his employees and who, despite judgment being awarded against him, still fails for six successive weeks to pay workmen's compensation benefits so awarded.[3] Under its terms,[4] the penalty applies to any "judgment awarding compensation"upon non-payment for six successive weeks, the employee is entitled to have the judgment made executory so that all "installments not yet payable under the judgment shall immediately become due and exigible." (Italics ours.)
Under its terms and within its statutory context, the penalty thus applies to unpaid judgments awarding weekly compensation, irrespective of whether the basis for the award is disability (which permits modification after six months, should the disability be diminished) or is instead a non-disabling specific injury (where the judgment provides for a fixed-number of weeks according to a schedule for specific injuries). The circumstance that the judgment might be subject to modification under Section 1331 (i. e., if the disability lessens) is not, under the statutory scheme, relevant to the availability of the penalty provided by the succeeding Section 1333. The latter section complements the statutory scheme of the judicial administration and enforcements of judgments awarding weekly compensation to an injured employee; it provides a penalty against the recalcitrant employer for non-payment of the executory judgment against him awarding weekly compensation to an employeethe employer who, despite definitive judicial determination of his liability, nevertheless still fails to pay weekly compensation due the work-injured employee.
In our view, thus, the plain statutory intent is that, after a judgment awarding weekly compensation, the employer who does not pay same[5] is subject to the penalty of having all weekly compensation payable under the judgment immediately become due and exigible, whether or not the award is based on disability (subject to reopening) or upon a non-disabling specific injury (with *141 a scheduled fixed-number of weeks). Indeed, considering the purpose of the act to protect workers injured or disabled through industrial accidents, it makes no functional sense to exclude only disabled workers (most in need of the compensation income) from the enforcement of their judgments through the penalty, and to ascribe a legislative intent by it to help only non-disabled specific-injury employees enforce their fixed-weekly judgments.
We are re-enforced in this view of the statutory intent of Section 1333 by its specific provision that the penalty also applies when the uninsured employer "becomes insolvent." In that circumstance, as in the case of an employer who fails for six successive weeks to pay compensation awarded by a judgment, all weekly compensation "not yet payable under the judgment" shall nevertheless "immediately become due and exigible." The apparent purpose of this provision was to permit employees awarded compensation benefits (for disability or otherwise) to make claim in the employer's insolvency proceedings for the full amount of weekly compensation awarded by the judgment, whether or not it might have been modified in the future if the employee's disability should diminish.
The early jurisprudence under our compensation statute so interpreted the penalty, in accordance with its literal wording and apparent legislative intent. As stated in Eisel v. Caddo Transfer and Warehouse Co., 11 La.App. 408, 123 So. 496, 498 (2d Cir. 1929) (applying the penalty against an employer who failed to pay judgment-awarded compensation to an employee under circumstances similar to the present, where (as here) no question was raised as to the employee's continued disability):
"Even though forfeitures are not favored in law and courts should not and do not encourage litigants to claim them, yet a litigant should not complain when his adversary calls him to lie down on a couch which he has made for himself. In cases under the compensation laws, when an employer has been condemned by a final judgment to pay an employee weekly compensation and subsequently repudiates the obligation by refusing to pay on demand,[6] the forfeiture must be declared when demanded under the plain letter of the law." (Italics ours.)

II
In the instant case, the intermediate court refused to apply the penalty on authority of Dixon v. King, 178 La. 1, 150 So. 385 (1933). On the isolated occasions on which the issue has subsequently arisen, this decision had been interpreted as holding that the penalty applies only to non-payment of judgments for non-disabling specific injuries (which entail a judgment for a fixed number of weeks) not to judgments for disability (which are normally awarded "during disability," but not to exceed a maximum number of weeks, thus allowing the employer to seek modification of the judgment after six months if the employee's disability diminishes). Broussard v. Dumas Chevrolet Company, 135 So.2d 614 (La.App. 4th Cir. 1961); Marcantel v. Manuel, 134 So.2d 615 (La.App. 3d Cir. 1961).[7] See Malone, Louisiana Workmen's *142 Compensation Law, Section 388 (which also cites Eisel v. Caddo Transfer, etc. Co. with approval) (1951).
Certain broad language in Dixon v. King, indeed justifies this interpretation of its holding. However, as we have seen (see part I of this opinion), such a construction of the penalty provisionlimiting it to specific-injury awardsis contrary to the express wording of the provision and to the apparent legislative intent that it apply to all willful non-payments of any judgments awarding weekly compensation benefits, whether based on non-disabling specific injuries or instead upon disability (as is more usually the case).
The issue before the court in Dixon v. King was, however, quite narrow in scope. The employee had bee awarded compensation for 150 weeks during temporary total disability. The employee's disability ceased after seven months or so, and the employer (improperly) ceased paying compensation without filing proceedings to modify the judgment. The employee's rule to make all 150 weeks' compensation become due and executory was met by the employer's rule to modify the judgment on the ground that the employee was no longer disabled. See also intermediate courts opinions, 145 So. 558 (La.App.Orl.1933), rehearing denied, 146 So. 703 (La.App.Orl.1933). The trial court held that the employee's disability had ceased and refused to make compensation due and executory for the remainder of the 150 weeks provided by the judgment, since the plaintiff was not entitled to them because recovered from his disability.
The narrowness of the holding in the decision in Dixon v. King, as applicable primarily to these facts, is emphasized by the below capitalized words of the decision pertinent to its holding, 150 So. 386:
"The relator [employer] contends that section 33 [now R.S. 23:1333] of the statute does not authorize the court to declare executory a judgment for the whole amount which would be payable in 150 weeks, where the judgment itself is for weekly installments payable only during the period of disability, and provides for merely a maximum limit of 150 weeks, AND WHERE, IN FACT, THE PERIOD OF DISABILITY HAS COME TO AN END. This is an accurate interpretation of the statute." (Capitalization added by us.)
(The remainder of the discussion in Dixon v. King amplifies that the "whole amount of a judgment" for disability does not necessarily include the maximum number of weeks awarded, since the award is only during disability.)
It is doubtful that Dixon v. King intended to construe the penalty as applicable only to specific-injury awards (and, if so, this construction is erroneous. See Part I above). Dixon's language subject to such construction was advanced to counter an argument by the employee that the penalty provision would be meaningless, if the employer could avoid its application by advancing a defense on the disability-merits to the mandatory penalty provided by the statute. The opinion itself does not cite with disapproval or overrule Eisel v. Caddo Contracting Company, upon which the majority in the intermediate court had relied and which the dissenting opinion there did not question.
Rather, the narrow holding in Dixon v. King under its facts is only that the employer is not liable for the full mandatory penalties, if at the time the penalty is invoked to make the remaining weeks of the disability judgment become executory and immediately due, the employer proves that the employee is no longer disabled. As we have seen, Part I of this opinion, the express statutory language and apparent legislative intent does not permit a judicial evisceration of the statutory penalty provided by Section 1333 so as to make it applicable only to non-disabling specific-injury awards.

*143 III
In the instant case, the employer did not contest the employee's continued disability. Rather, after the rule to make compensation executory was filed, it brought compensation up to date for the two years it was then in arrears. The employer's sole defense is its contention (which we have above rejected) that the mandatory penalty provided by Section 1333 does not apply to judgments making awards for weekly compensation for disability, only to judgments making awards for non-disabling specific-injuries.
The record reflects the following:
The plaintiff brought suit for compensation for disability resulting from a work-accident of January 6, 1975, for which he had been paid compensation only for nine weeks. After contested trial, on March 17, 1977 the plaintiff was awarded judgment for 93 weeks past-due compensation for unpaid weekly compensation up to date of trial, and for additional compensation commencing after date of trial (January 3, 1977) "for a total of 396 weeks or until a further determination is made by this Honorable Court." Some $1600 of medical expenses were also awarded.
After the defendant's motion for a new trial was denied on June 20, 1977, the defendant did not appeal. Two months after the delay for a suspensive appeal had expired (i. e., three months after final judgment), the plaintiff employee filed a rule to invoke the penalty of La.R.S. 23:1333 to make immediately due and executory the judgment for the remaining 396 weeks of disability.
The allegations and proof show that, despite repeated telephonic and written demands by the plaintiff upon members of the law firm representing the defendant, no amount of the judgment had been paid, neither the past-due weekly compensation, the medical expenses, nor the weekly compensation as it had accrued. On September 19, 1977, the date the rule was fixed for hearing, the trial court accordingly entered written judgment.
The defendant filed a motion for a new trial. It alleged that on August 29, 1977 (six days after the rule to make executory the judgment for unpaid weekly compensation) it had prepared a draft of $10,939.71 for unpaid benefits and medical expenses awarded by the judgment and that it was now paying weekly compensation to the defendant. (There is some indication in the record that these payments were not transmitted until September 13, six days before the rule was fixed for trial.)
The trial court granted the new trial and rescinded the judgment making all unpaid weekly compensation (396 weeks) immediately due and exigible. The sole reasons advanced by the defendant and upheld by the trial court for refusing to invoke the penalty was the misinterpretation of Dixon v. King by Broussard v. Dumas Chevrolet Company, 135 So.2d 614 (La.App. 4th Cir. 1962); namely, that the penalty did not apply to a judgment for disability, but only to a judgment awarding compensation for non-disabling specific injuries.
As we have noted, see Part I of this opinion, the penalty provided by Section 1333 against recalcitrant employers (who fail to pay weekly compensation after executory judgment and after demand) does apply to those employers who fail to pay compensation to disabled workmen, as well as to those who fail to pay disabled workmen with awards for specific injuries. The trial and intermediate courts were therefore in error in failing to apply the mandatory statutory penalty against an employer who failed despite demands to pay weekly compensation to a disabled employee for six successive weeks.

IV
The plaintiff is therefore entitled to judgment as mandatorily provided by La. R.S. 23:1333 that all weekly compensation installments not yet payable under the judgment of March 17, 1977 shall immediately become due and exigible and the judgment become executory for the whole amount (i. e., the unpaid remainder of the 396 weeks future compensation awarded by the judgment).
*144 Once again we note that no contention was made by the defendant that the plaintiff is no longer disabled or that the employer could meet its heavy burden of proving that the plaintiff's indefinite total disability at the time of the trial will terminate at some determinable date in the future. See La.R.S. 23:1331; Belsome v. Southern Stevedores, Inc., 239 La. 413, 118 So.2d 458 (1960); Malone, Louisiana Workmen's Compensation Law, Section 281 (1951). In the absence of such showing at the time the penalty is sought to be invoked, the mandatory penalty provided by the statute is applicable for the "whole amount of the judgment," La.R.S. 23:1331, not for a lesser period.
We note, in passing, a suggestion in oral argument that the penalty should not apply here, since (after the rule to invoke the penalty was filed) the employer brought the compensation up to date.
The statutory penalty was not intended to permit an employerwho has previously willfully refused to pay compensation awarded by an executory judgment, despite demand, for at least six successive weeks so to escape the penalty's application. To so excuse the employer's willful failure to pay a disabled employee weekly compensation previously ordered by an executory judgment wouldcontrary to the statutory intention of providing a substantial penalty for such conductmerely permit a recalcitrant employer periodically to withhold payment of weekly compensation until a penalty-rule was filed, and then escape the intended penalty by bringing compensation up to date each time a rule to invoke the penalty is filed by the unpaid disabled workman.
For similar reasons, we do not find merit in the suggestion that somehow the mandatory statutory penalty is not applicable if, after a rule is filed to invoke it for the defendant's past willful failure to pay weekly compensation, the employee accepts past-due and current weekly compensation payments to which he is entitled by the executory judgment.

Decree
Accordingly, judgment is ordered and adjudged in favor of the plaintiff, Joseph Lytell, and against the defendant, Strickland Transportation Company, Inc., decreeing that weekly compensation payments not yet payable under the judgment of March 17, 1977, shall immediately become due and exigible, and that the judgment become executory for this whole amount, i. e., the unpaid remainder of the 396 weeks' compensation awarded by the judgment. The defendant is cast with all costs of these proceedings.
JUDGMENT ENTERED IN FAVOR OF EMPLOYEE ACCELERATING PAYMENT OF UNPAID WEEKLY COMPENSATION.
SUMMERS, C. J., dissents.
MARCUS, J., dissents and assigns reasons.
BLANCHE, J., dissents for reasons assigned by MARCUS, J. and more particular those of the First Circuit Court of Appeal, SARTAIN, J.
MARCUS, Justice (dissenting)
The trial court in the instant case awarded plaintiff workmen's compensation "for a total of 396 weeks or until a further determination is made by this Honorable Court." As the judgment clearly indicates, the compensation award secured by plaintiff is without question subject to reduction upon proof of termination of or a decrease in plaintiff's disability. To allow acceleration of future payments in this case would be to permit recovery of more than the employee might be entitled to were no acceleration had. Thus, I do not agree that the penalty provision, La.R.S. 23:1333, applies to judgments such as the one at issue; rather, I would limit its application to judgments awarding workmen's compensation for specific injuries for a definite period of time. Plaintiff's proper remedy is a demand for delinquent payments under La.R.S. 23:1201.2, which provides that, when a workmen's compensation claim is made *145 against an uninsured employer who failed to pay the claim within sixty days of notice, the claimant is entitled to a twelve percent penalty on the total award and reasonable attorney's fees incurred in the prosecution and collection of such claim. Accordingly, I respectfully dissent.
NOTES
[1] The compensation statute contains four Parts: I. Scope and Operations (23:1021 et seq.); II. Benefits (23:1201 et seq., including 1221, which sets forth benefits for temporary, permanent or partial disability during disability, as well as for non-disabling specific injuries. For the latter, the acts provide a graduated gradual of weekly awards, e. g., loss of a thumb, 50 weeks, loss of an index finger, 30 weeks, loss of a hand, 150 weeks, loss of an arm, 200 weeks, etc.); III. Voluntary Settlement of Claims; and IV. Judicial Enforcement of Claims.

Part IV ("Judicial Enforcement of Claims") is divided into four sub-parts: A. Notice of Injury (1291 et seq.); B. Institution of Suit; Procedure (1311 et seq.); C. Judgments (1331-33; the present penalty provision being found in that Sub-Part); D. Appeals (Section 1351).
[2] Section 1331 includes the provision that a judgment of compensation may be reopened at any time six months after its rendition, including on the ground "that the incapacity of the employee has been subsequently diminished or increased."
[3] A later amendment, La.R.S. 23:1201.2 (1958), provides additionally for penalties for arbitrary non-payment of compensation due, if not paid within sixty days of demand; this penalty (12% of benefits due and attorney's fees) may be invoked whether or not suit had been filed or judgment obtained, and, unlike Section 1333, the penalty applies only as to payments overdue after sixty days following demand, not to future payments.
[4] La.R.S. 23:1333 provides in full:

"If the employer against whom a judgment awarding compensation has been rendered becomes insolvent or fails to pay six successive installments as they become due, the installments not yet payable under the judgment shall immediately become due and exigible and the judgment shall become executory for the whole amount; but if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue."
[5] The penalty may not be invoked unless after judgment the employer fails to pay weekly compensation for six successive weeks, except of course that a suspensive appeal may suspend the commencement of this period until the judgment becomes executory. Cf. Crawford v. T. Smith & Son, Inc., 183 La. 103, 162 So. 814 (1935). In the present case, no appeal was taken.
[6] In our earlier decision of Mason v. Costanza, 166 La. 323, 117 So. 240 (1928), we had held that the penalty of forfeiture applied only against employers who (as in the instant case) willfully refused to pay judgment-awarded weekly compensation; accordingly, we held that the penalty could not be invoked unless first the employee had (as in the instant case) requested without avail the payment to him of the unpaid compensation. The Eisel opinion expressly referred to this Mason decision as the basis for a prerequisite prior demand by the employee for unpaid weekly compensation before award of the penalty. See, to same effect, Bennett v. St. Louis Hotel, 341 So.2d 642 (La. App. 4th Cir. 1977).

A two week delay, due to aborted lump-sum negotiations, was held not to justify application of the penalty, where the record as a whole showed the employer's good faith intention to satisfy the judgment and no willful refusal to pay it. Powe v. City of New Orleans, 346 So.2d 886 (La.App. 4th Cir. 1977).
[7] Hill v. Southern Advance Bag & Paper Co., 151 So. 241 (La.App. 2d Cir. 1933) is not apposite. It simply held that the penalty provided by La.R.S. 23:1333 for an employee's non-payment of compensation awarded by a final judgment did not apply to non-payment of compensation awarded by a preliminary judgment authorized by La.R.S. 23:1316 against a defendant employer who fails to timely file an answer to an employee's compensation suit.