GUIDRY, Judge.
In this proceeding the plaintiff seeks judgment against his former employer, Sears, Roebuck and Co., pursuant to the provisions of La.R.S. 23:1333,[1] accelerating all compensation payments due him and yet unpaid under a judgment dated February 23, 1976.
There is no dispute with regard to the attendant facts which we will briefly summarize.
By judgment of the 10th Judicial District Court for the Parish of Natchitoches dated February 23, 1976, plaintiff was declared totally disabled as a result of a work connected accident and thus entitled to compensation benefits from his employer, Sears, at the rate of $65.00 per week beginning July 23, 1975, not to exceed the statutory maximum of five hundred (500) weeks.[2] On appeal this court amended the judgment, so as to delete therefrom the award of penalties and attorney’s fees, but in all other respects the judgment was affirmed. Cole v. Sears, Roebuck & Co., 337 So.2d 900 (La.App.1976).
Upon finality of our judgment Sears began to make the compensation payments due plaintiff under the judgment, which by agreement of the parties were to be made every four (4) weeks. See La.R.S. 23:1201. Presumably, prior to June of 1977 the compensation payments were made and received promptly on or before the end of each four week period. However, beginning in June of 1977 Sears developed a pattern of being late with plaintiff’s compensation payments, the consistency of which circumstance prompted the filing of this suit on September 24,1979. The record reflects that during the period beginning June 26, 1977 and ending September 24, 1979, Sears allowed intervals of five weeks between compensation payments to occur on eight different occasions. Further, during this same time period, on five separate occasions, compensation payments were delayed six weeks; and, at three different times, during this time span, compensation payments were delayed as long as eight weeks. Sears consistent tardiness in the payment of the compensation due plaintiff prompted repeated requests by his counsel requesting that the compensation checks due him be mailed promptly each month as agreed. As stated by the trial court:

“The record reflects repeated letters by counsel to employer and its counsel requesting payment that was delayed by employer.

These letters are as follows:

1. Counsel’s letter to Employer dated August 10, 1977;

2. Counsel’s letter to Employer’s counsel, dated May 17, 1978;

3. Counsel’s letter to Employer’s counsel, dated July 26, 1978;

4. Counsel’s letter to Employer’s counsel, dated October 4, 1978;

5. Counsel’s letter to Employer’s counsel, dated November 30, 1978;

6. Counsel’s letter to Employer’s counsel, dated July 27, 1979.”

*764 Finally, this suit was filed, as aforestated, on September 24, 1979, at which time the weekly compensation payments were in arrears since August 5, 1979, a period in excess of seven weeks. Following institution of suit and on October 2,1979, Sears mailed a check to plaintiff covering the compensation payments due for the period from August 6, 1979 through September 30, 1979, being the amount due for a total of eight weeks. In his suit plaintiff prayed for judgment accelerating all compensation not yet payable under the judgment of February 23, 1976, pursuant to the provisions of Section 1333, and attorney’s fees and penalties under the provisions of Section 1201.2. In its answer Sears admitted rendition of the judgment of February 1976 but denied that plaintiff was entitled to a judgment under Section 1333. In addition Sears, in its answer, made the following allegation:
“SECOND DEFENSE”

“As mover, respondent shows that the judgment herein was rendered on February 23,1976; that under the provisions of La.R.S. 23:1123 and La.R.S. 23:1331, a rule should issue herein ordering plaintiff, SAM COLE, JR., through his attorney, to appear and show cause why petitioner should not be required to submit to a medical practitioner appointed by this Honorable Court.”

The order to show cause annexed to defendant’s answer was originally fixed for hearing on October 24, 1979, however, on said date the trial court, on its own motion, rescinded such order reserving to Sears the right to re-submit same for consideration if the trial court determined that Sears had a valid and reasonable defense to plaintiff’s demand for acceleration of the payments not yet made under the original judgment.
The trial court rendered judgment in favor of plaintiff, making due and exigible, all sums not yet payable under the February 1976 judgment, but rejected his demand for penalties and attorney’s fees. Sears has appealed from this judgment. Plaintiff-appellee has answered the appeal requesting amendment of the trial court judgment insofar as it denied his request for penalties and attorney’s fees.
The issues on appeal are: (1) Did the trial court err in rendering judgment accelerating all remaining weekly indemnity due plaintiff under the February 1976 judgment? (2) Did the trial court err in refusing to permit Sears to have plaintiff examined pursuant to the provisions of La. R.S. 23:1331? (3) Did the trial court err in granting plaintiff a judgment pursuant to La.R.S. 23:1333, without statutory discount? (4) Did the trial court err in refusing to award plaintiff-appellee penalties and attorney’s fees?
IS PLAINTIFF ENTITLED TO A JUDGMENT UNDER THE PROVISIONS OF R.S. 23:1333?
We believe the recent decision of our Supreme Court in Lytell v. Strickland Transportation Company, Inc., 373 So.2d 138 (La.1979) to be dispositive of this issue. In Lytell, supra, the court held that after a judgment awarding compensation the penalty provisions of R.S. 23:1333 may be invoked against the employer who fails to pay compensation pursuant to such judgment for six successive weeks, “whether or not the award is based on disability (subject to reopening) or upon a non-disabling specific injury (with a scheduled fixed-number of weeks)”. In the course of its opinion in Lytell, the court stated:
“The circumstance that the judgment might be subject to modification under Section 1331 (i. e., if the disability lessens) is not, under the statutory scheme, relevant to the availability of the penalty provided by the succeeding Section 1333. The latter section complements the statutory scheme of the judicial administration and enforcements of judgments awarding weekly compensation to an injured employee; it provides a penalty against the recalcitrant employer for non-payment of the executory judgment against him awarding weekly compensation to an employee — the employer who, despite definitive judicial determination of his liability, nevertheless still fails to pay weekly com *765 pensation due the work-injured employee.”

Once again we note that no contention was made by the defendant that the plaintiff is no longer disabled or that the employer could meet its heavy burden of proving that the plaintiffs indefinite total disability at the time of the trial will terminate at some determinable date in the future. See La.R.S. 23:1331; Belsome v. Southern Stevedores. Inc.. 239 La. 413, 118 So.2d 458 (1960); Malone, Louisiana Workmen’s Compensation Law, Section 281 (1951). In the absence of such showing at the time the penalty is sought to be invoked, the mandatory penalty provided by the statute is applicable for the ‘whole amount of the judgment,’ La.R.S. 23:1331, not for a lesser period.”

Able counsel for appellant seeks to distinguish Lytell from the instant case. He argues that, unlike the instant case, in Ly-tell the employer did not contest the employee’s continued disability after the rule to make compensation executory was filed nor was it shown in Lytell, that the employer ever made any compensation payments to the injured employee following rendition of the compensation judgment. Further, appellant’s counsel argues that in Lytell there was no agreement to make compensation payable every four weeks and it was clearly established that the employer failed to make payments despite repeated telephonic and written demands by the plaintiff. We do not agree that the factual circumstances of this case are at sufficient variance with the facts of Lytell as to warrant a departure from the legal principles there enunciated.
We do not consider defendant’s request in its answer for a rule to show cause why plaintiff should not be ordered to submit to a medical examination under Section 1331, as alleging that plaintiff is no longer disabled or that Sears, as employer, could meet the heavy burden of proving that plaintiff’s total disability at the time of trial would terminate at some determinable date in the future. As we note more fully hereafter, we do not consider the allegations of defendant answer as stating a cause of action for issuance of a rule pursuant to the provisions of Section 1331. Further, the fact that compensation payments were made to plaintiff following rendition of the February 1976 judgment does not alter the fact that over a prolonged period of time on several occasions and in spite of repeated written demand, Sears failed to pay six successive installments of the compensation due plaintiff under the 1976 judgment. This is the factual circumstance which, upon being established by competent proof, triggers the relief afforded the employee under the statute.
We find no merit in appellant’s argument that the agreement of the parties that compensation be paid monthly rather than weekly, pursuant to Section 1201, somehow deprives plaintiff-appellee of the benefit of Section 1333. Under Section 1201 payments of compensation are paid as near as may be, at the times and places as wages were payable to the injured employee before the accident. Plaintiff was paid his wages weekly, therefore he was to be paid compensation weekly. He and his employer agreed, subsequent to rendition of the 1976 judgment, that the weekly compensation installments would be accumulated and paid monthly. We interpret the provision of Section 1333, i. e., “six successive installments” as referring to weekly installments, irrespective of whether an agreement has been made under Section 1201 allowing for a longer interval between payments.[3] It would be preposterous to assume that where, as here, an employee agrees to receive payments monthly rather than weekly, the legislature intended that an employee would be afforded no relief under Section 1333 until after the passage of six months. Such interpretation would be clearly inconsistent with the avowed pur *766 pose of the act which is to protect workers injured or disabled through industrial accidents.
In sum we conclude that the decision of our Supreme Court in Lytell v. Strickland Transportation Co., Inc., supra, mandates affirmance of the judgment of the trial court making due and exigible all compensation installments not yet payable under the judgment of February 1976.
In passing we observe that here, as in Lytell, although the award was based on disability (subject to reopening), the compensation awarded was during the period of disability, not beyond 500 weeks. The amount which is due and exigible under Section 1333 is thus easily ascertainable. La.R.S. 23:1221 was amended by Act 583 of 1975, effective September 1, 1975, and now provides that employees totally and permanently disabled are entitled to the payment of compensation during the period of such disability without specifying a maximum period during which compensation is payable. The Supreme Court in its opinion in Lytell expressed no opinion regarding the effect of this amendment on the application of Section 1333 to judgments for permanent disability from work injuries occurring after September 1, 1975, presumably because that issue was- not before the court. For the same reason we express no opinion concerning the effect of the amendment of Section 1221 on the future application of Section 1333.
DID THE TRIAL COURT ERR IN REFUSING TO PERMIT SEARS TO HAVE PLAINTIFF EXAMINED PURSUANT TO THE PROVISIONS OF LA.R.S. 23:1331?
Section 1331 provides for review of a judgment of compensation upon application of either party for a modification, at any time six months after rendition of judgment, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation. If either party alleges sufficient grounds for review of a judgment the provisions of R.S. 23:1121 through R.S. 23:1124 with reference to medical examinations apply.
In the instant case, following institution of suit by plaintiff, the defendant filed answer and simply asked that plaintiff be required to submit to a medical examination because judgment was rendered on February 23, 1976. We do not consider defendant’s allegations in support of their request to allege grounds sufficient to provoke a review of the judgment under Section 1331 and in connection therewith to cause plaintiff to be examined pursuant to Sections 1121 et seq. Defendant did not allege that plaintiff’s incapacity had ceased or diminished nor that the judgment was obtained through error, fraud, or misrepresentation. These are the only grounds specified by Section 1331 as warranting a review of a judgment of compensation. Under the circumstances we determine that the trial court correctly refused to order plaintiff examined pursuant to the provisions of Section 1331 and Sections 1121 et seq. Cf. Avoylles Wholesale Grocery Co., Limited, et al. v. Elmore, 31 So.2d 434 (La.App. 2nd Cir. 1947).
DID THE TRIAL COURT ERR IN GRANTING PLAINTIFF JUDGMENT WITHOUT STATUTORY DISCOUNT?
Presumably appellant does not seriously contend that a judgment rendered pursuant to Section 1333 is subject to statutory discount because, although specified as an error, this issue is not addressed in brief. Suffice it to say that Section 1333 makes no provision for discount of the amount found due and exigible under a judgment accelerating the payment of all installments yet unpaid under a compensation judgment. La.R.S. 23:1274 which provides for discount of amounts payable as compensation commuted to a lump sum settlement has no application to a suit brought under the provisions of Section 1333. Thus we conclude that the trial judge was correct in granting judgment to plaintiff without statutory discount.
*767 IS PLAINTIFF-APPELLEE ENTITLED TO PENALTIES AND ATTORNEY’S FEES UNDER LA.R.S. 23:1201.2?
We do not find it necessary to decide whether in a suit or rule brought pursuant to the provisions of Section 1333, the successful plaintiff is entitled in addition to penalties and attorney’s fees under Section 1201.2.[4] The latter section, which may be invoked whether or not suit has been filed or judgment obtained provides a penalty only as to payments overdue after sixty days notice. In the instant case on the date suit was filed, i. e., September 24,1979, only fifty (50) days had elapsed since the last payment of compensation and by the Fifty-eighth (58th) day compensation was brought current. Under such circumstances Section 1201.2 is inapplicable.
For the above and foregoing reasons the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. La.R.S. 23:1333 provides:
“If the employer against whom a judgment awarding compensation has been rendered becomes insolvent or fails to pay six successive installments as they become due, the installments not yet payable under the judgment shall immediately become due and exigible and the judgment shall become executory for the whole amount; but if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue.”

. La.R.S. 23:1221 was amended by Act 583 of 1975, effective September 1, 1975 and now provides in pertinent part as follows:
“(2) For injury producing permanent total disability of an employee to engage in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds per centum of wages during the period of such disability.” (Emphasis ours)

. Under La.R.S. 23:1201 “a longer interval, not to exceed one month, may be substituted by agreement without the approval of the court, but a longer interval than one month must be approved by the court.”

. The court in Lytell, supra, appears to indicate that the provisions of R.S. 23:1201.2 provide an additional remedy available against a recalcitrant employer, but unlike Section 1333, the penalty applies only as to payments overdue after sixty days following demand, not to future payments.