150 So. 385

**DIXON v. KING.**

No. 32339.

July 7, 1933.

Rehearing Denied Oct. 3, 1933.

Gordon Boswell, of New Orleans, for applicant.

William A. Green, of New Orleans, for respondent.

O'NIELL, Chief Justice.

The relator submits for interpretation section 33 of Act No. 20 of 1914, as amended by Act No. 38 of 1918, being a section of the Employers' Liability Act, viz.:

"That in the event the employer against whom there has been rendered a judgment of Court awarding compensation in favor of any employee or his dependent should become insolvent or fail to pay six successive installments as they become due, the installments not yet payable under said judgment shall immediately become due and exigible and the judgment shall become executory for the whole amount; provided, that if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue."

Paul Dixon, having suffered personal injury while in the employ of Fred D. King, sued for compensation and obtained a judgment for $12.51 per week during the period of disability, not to exceed 300 weeks from December 10, 1930. Dixon's attorney immediately filed a motion making a remittitur of the compensation for 150 weeks, and on that motion the judge signed an amend-

ment of the judgment for compensation; but, before signing the amendment as prepared by Dixon's attorney, the judge added this limitation: "And that said judgment be limited to a maximum of 150 weeks from December 10th, 1930."

King's insurer, the Ocean Accident & Guarantee Corporation, paid the compensation promptly and regularly for a period exceeding 6 months after the judgment was rendered, and then, believing that Dixon's disability had ceased, quit paying the compensation. Dixon waited 7 weeks, and then, King and his insurer both having failed "to pay six successive installments," Dixon proceeded by rule against King to have the judgment declared "executory for the whole amount"; that is to say, for the unpaid balance of the $1,876.50, being 150 times $12.51.

King answered Dixon's rule by pleading that the disability, for which the compensation was allowed, had ceased, and that the judgment, therefore, had been paid in full. At the same time, King's insurer tendered payment of all past-due installments, which tender was rejected by Dixon.

After hearing the evidence, the judge concluded that Dixon was, as the judge said, malingering—that the disability had ceased, and that the compensation had been paid for the full period of the disability. The judge ordered, however, that payments should be made to the date on which they were decreed terminated. Thereupon, King's insurer tendered the amount of all past-due installments, which Dixon first refused but afterwards accepted without prejudice to his right of appeal. He appealed to the Court of Appeal, and that court, with Judge Jan-

vier dissenting, reversed the judgment appealed from, and declared the judgment for compensation to be executory for the whole amount of $1,876.50, less $982.92 which the insurer had paid.

The relator, King, contends that the proviso in section 33 of the statute, "that if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue," means that the right to have the judgment become executory for the whole amount shall not accrue if the employee or his dependent is adequately protected by insurance and received payments thereunder regularly previous to the six weeks' delinquency. In other words, the relator contends that section 33 would seem anomalous if construed to mean that the judgment should not become executory *against the employer* for the whole amount, so long as the installments were being paid regularly by the employer's insurer. That would be true, if the failure to pay six successive installments as they become due were the only cause for which the judgment should become executory for the whole amount; but the statute declares that the judgment shall become executory for the whole amount, not only if the employer fails to pay the six successive installments as they become due, but also if he becomes insolvent. It seems quite plain, therefore, that the proviso, that if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right (to have the judgment declared executory for the whole amount) shall not accrue, has reference only to the case where the employer becomes insolvent,

and not to the case of a failure to pay six successive installments as they become due.

The relator contends also that section 33 of the statute does not authorize the court to declare a judgment executory for the whole amount which would be payable in 150 weeks, where the judgment itself is for weekly installments *payable only during the period of disability*, and provides for merely a maximum limit of 150 weeks, and where, in fact, the period of disability has come to an end. That is an accurate interpretation of the statute. *The whole amount* of a judgment for compensation at $12.51 per week during the period of disability is not 150 times $12.51; merely because the judgment contains a maximum limit of 150 weekly payments. In other words, the statutory limitation of 150 weeks does not create the presumption that *the whole amount* of a judgment for compensation to be paid in weekly installments *during the period of disability* will be 150 times the amount of one weekly installment.

It is argued on behalf of Dixon that, if section 33 of the statute does not apply to a judgment for compensation to be paid in weekly installments *during the period of disability*, this section of the statute cannot apply to any judgment for compensation, because, Dixon's attorney contends, all judgments for compensation are limited to the period of disability, as well as to the maximum period stated in the statute. But that is a mistake, because there are many cases where the statute provides for the payment of compensation for a definite number of weeks. For example, in allowing compensation under subdivision (d) of subsection 1 of section 8 of Act No. 38 of 1918, and under the

corresponding subdivision of Act No. 242 of 1928, the court must give judgment for the compensation to be .paid during a definite number of weeks, and not merely during the period of disability. That is true also where compensation is allowed under subdivision (e) of subsection 1 of section 8 of the Act of 1918, which subdivision corresponds with paragraph 16 of subdivision (d) of subsection 1 of section 8 of the Act of 1928. And that is the case also where compensation is allowed. to a dependent for an injury causing the death of an employee.

Considering that section 33 of the statute provides for something in the nature of a penalty, it ought to be construed strictly. Accordingly, it cannot be said that *the whole amount* of the judgment which Dixon obtained against King was 150 times $12.51.

The judgment of the Court of Appeal is reversed, and the judgment of the civil district court is reinstated and made final.