SARTAIN, Judge.
The sole issue presented on this appeal is one of law, involving the interpretation of Section 1333 of the Workmen’s Compénsation Act (La.R.S. 23:1333).
Plaintiff-appellant Joseph Lytell was injured in a work-related accident on January 6, 1975. He brought suit for workmen’s compensation benefits in October, 1975, against his employer, Strickland Transportation Co., Inc. (Strickland). Judgment for plaintiff was signed on March 17, 1977, granting him compensation based upon a finding of total and permanent disability. The award included medical and transportation expenses, compensation benefits covering the period prior to judgment, and compensation to be paid in $65.00 per week installments “for a total of 396 weeks or until a further determination is made by this Honorable Court.” No appeal from this judgment was taken.
Despite repeated written and oral requests by plaintiff’s counsel, Strickland made no payments under the judgment. On August 16, 1977, plaintiff asked the court to make the entire award due and exigible. Prior to the initial hearing on this motion, Strickland tendered a sum covering all amounts then due, which tender was rejected. The lower court refused to accelerate the future compensation installments and plaintiff appeals.
Plaintiff’s claim for acceleration is based upon La.R.S. 23:1333, which reads as follows:
§ 1333. Employer’s insolvency or failure to pay after judgment; acceleration of payments
If the employer against whom a judgment awarding compensation has been rendered becomes insolvent or fails to pay six successive installments as they become due, the installments not yet payable under the judgment shall immediately become due and exigible and the judgment shall become executory for the whole amount; but if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue.
Strickland does not deny that it failed to make six successive payments. Rather it depends on the ground that the above-quoted statute is inapplicable to the award made in this case.
Strickland correctly points out that R.S. 23:1331[1] makes compensation judgments based upon disability, as opposed to those recompensing specific injuries, subject to future modification upon proof of a change in the incapacity of the injured employee. The compensation award secured by plaintiff in the instant case is without question subject to reduction upon proof of termination or decrease of plaintiff’s disability. The possibility of such a modification was expressly recognized in the judgment when the judge a quo ordered benefits to be paid for the statutorily prescribed maximum period “or until a further determination” by the court.
It is Strickland’s position that Section 1333 was not intended to apply to judgments, like plaintiff’s, which are subject to future reduction, because to allow acceleration in that situation would permit recovery *1042 of more than the employee might be entitled to were no acceleration had. We agree and, accordingly, affirm.
The Louisiana Supreme Court faced this very issue in Dixon v. King, 178 La. 1, 150 So. 385 (1933). It was held therein that Section 1333 could not be used to accelerate installments payable only during the period of disability.
“The whole amount of a judgment for compensation at $12.51 per week during the period of disability is not 150 times $12.51, merely because the judgment contains a maximum limit of 150 weekly payments. In other words, the statutory limitation of 150 weeks does not create the presumption that the whole amount of a judgment for compensation to be paid in weekly installments during the period of disability will be 150 times the amount of one weekly installment.” Dixon v. King, above at 386.
Plaintiff attempts to distinguish Dixon on the point that in Dixon, unlike in the instant case, the defendant-employer alleged and proved that the employee’s disability had ceased. We believe this difference to be without significance. The basis for the Dixon decision was that the benefits were terminable when and if the plaintiff’s incapacity ended, not that this possibility had in fact materialized.
We are supported in our interpretation of Dixon and Section 1333 by the cases of Broussard v. Dumas Chevrolet Co., 135 So.2d 614 (La.App. 4th Cir. 1961), and Marcantel v. Manuel, 134 So.2d 615 (La.App. 3d Cir. 1961). Also see Malone, Louisiana Workmen’s Compensation Law and Practice, § 388 (1951).
For the reasons assigned, the judgment appealed from is affirmed at plaintiff’s cost.
AFFIRMED.

. § 1331. Modification by agreement of parties, approval by court; judicial review.
A judgment of compensation may be modified by subsequent agreement between the parties, with the approval of a judge of the court which rendered the same.
At any time six months after the rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation. In such cases the provisions of R.S. 23:1121 through R.S. 23:1124 with reference to medical examinations shall apply.