I iSAUNDERS, Judge.
The employer, Dental Arts, Inc., appeals a workers’ compensation judgment rendered in favor of claimant, Linda White, accelerating the supplemental earnings benefits payments for the maximum recovery period. We affirm.

UNDISPUTED FACTS AND PROCEEDINGS

Most of the facts which are pertinent to this opinion are undisputed and were the subject of a joint stipulation by the parties contained in the hearing officer’s reasons for judgment issued on March 14, 1996. From these reasons, we adopt the following factual recitation:
^Judgment in the above numbered and entitled cause became final on September 15, 1995 when the Louisiana Supreme Court denied writs applied for by defendant.
The judgment in this case ordered defendant to pay supplemental earnings benefits at the zero earnings basis which resulted in a weekly compensation rate of $213.33.
On September 26, 1995, claimant made written demand to defendant to pay the judgment. Defendant, Louisiana Workers’ Compensation Corporation received the September 25,1995 letter.
On October 18, 1995, defendant paid the judgment which included back due benefits of $213.33 per week through October 17, 1995.
*669 Defendant did not institute weekly benefits under the judgment until December 8, 1995, at which time a back due check in the amount of $1,980.92 was also paid.
Claimant did not receive, and defendant did not pay, any weekly benefits between October 17, 1995 and December 8, 1995, a period exceeding seven weeks in length.
On November 25, 1995, before six consecutive weeks of nonpayment [had] run, claimant again wrote to defendant asking that the amounts owed under the judgment be paid. That November 25, 1995 correspondence was also received by the Louisiana Workers’ Compensation Corporation.
There was no dispute as to the $213.33 weekly amount owed under the judgment.
There were no settlement negotiations taking place during the periods of non payment.
As of December 8, 1995, defendant [had] been paying $213.33 per week to claimant as required by the judgment.
The Louisiana Workers’ Compensation Corporation provided coverage to Dental Arts, Inc., for this claim.
Based on the stipulations, the sole issue presented to the hearing officer was whether the claimant’s weekly supplemental earnings benefits should be accelerated. The hearing officer found that “even though Dental Arts, Inc., purchased workers’ compensation insurance with the Louisiana Workers’ Compensation Corporation, Dental Arts Inc., was not precluded from a judgment accelerating benefits unless Igdaimant received workers’ compensation benefits from the Louisiana Workers’ Compensation Corporation in a timely fashion.”
It is from this judgment that defendant has appealed.

LAW AND OPINION

La.R.S. 23:1333 sets forth the requirements for a claimant seeking to make execu-tory the installments not yet payable under an award rendered against an employer. The statute reads as follows:
If the employer against whom an award awarding compensation has been rendered becomes insolvent or fails to pay six successive installments as they become due, the installments not yet payable under the award shall immediately become due and exigible and the award shall become execu-tory for the whole amount; but if the employee or his dependent is adequately protected by insurance and receives payments thereunder, this right shall not accrue.
The Supreme Court in Duncan v. State, Dept. of Transp. and Development, 615 So.2d 305 (La.1993), sets forth the criteria that must be satisfied for an employee to invoke La.R.S. 23:1333 and accelerate payments of a worker’s compensation award: (1) an award of worker’s compensation is due against the-employer; (2) the employer has become insolvent or fails to pay six successive installments as they become due, and such failure to pay resulted from a willful refusal; (3) that some installments had not yet been paid under the award; and (4) the employee is not adequately protected by insurance and receiving payments thereunder. Once these elements are met, it then becomes incumbent upon the employer to show that the claimant is not entitled to the maximum number of payments.[1]
In this case, there was no question of the presence of the first three criteria. The stipulated facts establish the existence of an award for compensation and defendant’s ^failure to pay six successive installments as they became due. Additionally, as the hearing officer correctly observed, Dental Arts Inc., failed to present any evidence to show that the payment of SEB would terminate before the maximum number of payments is attained. Finally, Dental Arts, Inc., does not appeal the willful refusal issue.
Rather, the sole issue before this court is whether the hearing officer erred in awarding an acceleration of the supplemental earn *670 ings benefits against the employer for the failure of its insurer to pay six successive installments as they became due as required by La.R.S. 23:1333.
Appellant’s sole argument is that La.R.S. 23:1333 does not apply when the employer is adequately protected by a policy of workers’ compensation insurance and the employee receives payments under that insurance.
This issue was clearly addressed by the Louisiana Supreme Court in Duncan v. State Department of Transportation and Development, 615 So.2d 305 (La.1993), in which the employer alternatively suggested that the acceleration provision could only be invoked if the employer was uninsured.
The fourth and final element in a § 1333 action is that the employee is not “adequately protected by insurance and receiving] payments thereunder.” This element precludes an employee, who is receiving worker’s compensation payments from an insurer, from bringing a rule to accelerate the award upon the insolvency of his employer. As we held in Dixon v. King, 178 La. 1, 150 So. 385 (1933), this fourth element “has reference only to the case where the employer becomes insolvent, and not to the case of a failure to pay six successive installments as they become due.” Id., 150 So. at 386. Indeed, if the employee who is protected by insurance is “receiving] payments thereunder,” he would be able to establish the “failfure] to pay six successive installments as they [became] due.”
Defendant again urges against this literal interpretation of § 1333, contending it is not intended to punish an insurer’s willful refusal to pay compensation benefits and, hence, the acceleration provision may only be invoked if the employer is insured. We fail to find any support for defendant’s position in the unambiguous terms of the preclusive proviso. The proviso provides in full, “but if the employee or his dependent is 15adequately protected by insurance and receives payments thereunder this right shall not accrue.” (Emphasis added). If the mere presence of insurance was intended to preclude an acceleration action . regardless of whether the employee was receiving payments under the insurance, it is inexplicable why the words “and receives payments thereunder” are stated as a requisite of the proviso. In any event, § 1333 is clear and unambiguous, and its application as written does not lead to absurd consequences. In such a case, “the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La.Civ.Code art. 9. Accordingly, we hold that the mere presence of insurance does not preclude an employee from pursuing a rule to accelerate benefits; rather, the employee must be protected by insurance and receiving payments thereunder as required by the statute.
Id., 615 So.2d at 310-11.
Appellant would distinguish Duncan from the present case because the employer in Duncan, the state, was self-insured. On the strength of the foregoing language contained in Duncan, we conclude that this distinction is immaterial. Because in this case claimant’s employee was insured, but the employee was not receiving payments, we affirm the judgment rendered by the hearing officer, at defendant-appellant’s costs.
AFFIRMED.

. To avoid a judgment accelerating the maximum number of weekly benefit payments, the defendant must show either of two things: that plaintiff's entitlement to disability benefits has terminated; or that the benefits will terminate upon the payment of a certain determinable number of payments that arc less than the maximum number of payments.