LPICKETT, Judge.
FACTS
Ms. Cathy Lewis was injured in the course of her employment with Cornerstone Village, Inc., on July 11,1994. After a claim was filed by Lewis, a settlement was reached, and a consent judgment was signed on July 22, 1998. The portion of the judgment relevant to this appeal involves the payment of weekly benefits. It states in pertinent part:
[T]hat CATHY LEWIS sustained an injury while in the course and scope of her employment with CORNERSTONE VILLAGE, INC. on July 11,1994 and as a result of that injury is entitled to temporary total disability benefits in the amount of $121.33 per week, based upon an average weekly wage of $182.00 per week, until she is capable of returning to gainful employment.
(Emphasis added.)
In March 1999, Cornerstone Village, through its insurer, the Louisiana Workers’ Compensation Corporation (LWCC), stopped paying temporary total disability benefits at the agreed rate and began paying supplemental earnings benefits. On September 1, 2001, LWCC stopped paying supplemental benefits. Lewis filed a Motion for Penalties and Attorney’s Fees, arguing the reduction and subsequent cessation of benefits was improper since the consent judgment had not been modified pursuant to La.R.S. 23:1208. The workers’ compensation judge denied the motion, and this appeal followed.
ASSIGNMENT OF ERROR
In her sole assignment of error, Lewis claims LWCC’s failure to seek a modification of the consent judgment before modifying or terminating benefits pursuant to La.R.S. 23:1310.8 entitles her to penalties and attorney fees under La.R.S. 23:1201.
^DISCUSSION
Lewis does not argue that she was incapable of “returning to gainful employ *972 ment” as set forth in the consent judgment, and she has not sought to have her benefits reinstated. Instead, she argues that the original judgment must be modified by filing a motion with the Office of Workers’ Compensation and seeking another judgment. Thus, she argues the unilateral action by the LWCC was improper in this case.
La.R.S. 23:1310.8(B) states:
Upon the application of any party in interest, on the ground of a change in conditions, the workers’ compensation judge may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers’ Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.
LWCC argues they are relieved from the requirements of this statute because the consent judgment authorized that benefits be terminated when Lewis was able to return to work. We disagree.
A judgment must be given full effect whether it is the result of a judicial determination or the consent of the parties. Plaquemines Parish Gov’t v. Getty Oil Co., 95-2452 (La.5/21/96); 673 So.2d 1002. In this case, the agreement between the parties was made a judgment of the court, and that judgment must be given the same effect as if the judgment had been rendered by the workers’ compensation judge. La.R.S. 23:1310.8(B) requires that for “any award” to be modified, there must be an application and a contradictory hearing before the workers’ compensation judge. In this case, the LWCC terminated benefits without seeking a modification.
|4In order to prevail on her motion, Lewis must prove not that she was incapable of returning to work, as the workers’ compensation judge found, but that the LWCC terminated benefits without seeking a modification of the judgment by a workers’ compensation judge. Having met this burden, we find Lewis is entitled to penalties and attorney fees under La.R.S. 23:1201(G), which states:
If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers’ compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
Lewis argues that two penalties are warranted in this case, one for the change in benefits from temporary total disability benefits to supplemental earnings benefits, and another for termination of all benefits. However, we find that only one penalty is warranted. The judgment in this case was an award of temporary total disability benefits, and any failure to pay those benefits, whether a reduction in payments or stopping payments altogether, constitutes a failure to pay an award under the terms of a judgment. Thus, a $3,000.00 penalty is authorized. We also award attorney fees in the amount of $5,000.00 for prosecution of this claim in the Office of Workers’ Compensation and on appeal.
*973 DECREE
The judgment of the workers’ compensation judge is reversed. We award penalties in the amount of $3,000.00 and attorney fees in the amount of $5,000.00 to IsCathy Lewis. All costs of this appeal are assessed against Cornerstone Village, Inc., and the LWCC.
REVERSED AND RENDERED.
WOODARD, J., dissents and assigns written reasons.
SULLIVAN, J., dissents.