WHIPPLE, J.
Concurring.
_JjThe majority affirms the workers’ compensation judge’s refusal to accelerate benefits pursuant to LSA-R.S. 23:1333 under a judgment awarding claimant TTDs as long as benefits were compensable, where the employer established that the claimant was no longer temporarily, totally disabled. While I find the better course would be to require that a payor defendant/employer file a request for modification once a judgment has been rendered or entered, under the applicable jurisprudence, the result reached by the majority is correct.
In Dixon v. King, 178 La. 1,150 So. 385, 386 (1933), the Louisiana Supreme Court interpreted section 33 of the Workers’ Compensation statute (now LSA-R.S. 23:1333) and determined that where the judgment itself provides for weekly disability benefits payable only during the period of disability and where, in fact, the claimant’s disability has come to an end, the acceleration statute does not authorize a judgment making the whole amount of benefits which would have been payable executory. The court further stated that considering that the acceleration statute is in the nature of a penalty, it should be strictly construed. Dixon, 150 So. at 386.
Thereafter, in Lytell v. Strickland Transportation Company, Inc., 373 So.2d 138, 142 (La.1979), the supreme court discussed its holding in Dixon. The court noted that in Dixon, the employer had improperly ceased paying compensation without filing proceedings to modify the judgment. Nonetheless, the court restated the holding of Dixon that “the employer is not liable for the full mandatory *780 penalties, if at the time the penalty is invoked to make the remaining weeks of the | adisability judgment become executory and immediately due, the employer proves that the employee is no longer disabled.” Lytell, 373 So.2d at 142 (emphasis added).
Again in Duncan v. State, Department of Transportation and Development, 615 So.2d 305, 311 (La.1993), the supreme court stated that “in order for defendant to avoid a judgment against him for the maximum number of weekly payments, it was necessary for it to establish that plaintiff’s entitlement had already terminated or would terminate at a future determinable date earlier than the maximum recovery period.” (Emphasis added).
Accordingly, I agree with affirming the workers’ compensation judge’s refusal to accelerate payments where the judge ultimately determined that the employer proved that claimant was no longer disabled.
With regard to the Third Circuit case of Lewis v. Cornerstone Village, Inc., 2002-1162 (La.App. 3rd Cir.5/21/03), 846 So.2d 970, 972-973, the court therein did impose penalties and attorney’s fees pursuant to LSA-R.S. 23:1201(G) where the LWCC terminated benefits without first seeking a modification of the compensation judgment pursuant to LSA-R.S. 23:1310.8. The Third Circuit held that the appropriate inquiry was not whether the claimant was still incapable of returning to work, but was whether the LWCC had terminated benefits without seeking a modification of the prior award. Lewis, 2002-1162, 846 So.2d at 972. While this holding seems at odds with the holdings in Dixon, Lytell, and Duncan, I note that the Third Circuit was interpreting a different penalty statute (LSA-R.S. 23:1201, not the acceleration statute, LSA-R.S. 23:1333). Additionally, to the extent that Lewis is at odds with these other cases, we are bound by Dixon, Lytell and Duncan, in that they are the pronouncements of the supreme court.
Thus, I respectfully concur in the result.